## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CT-00367-SCT

*HERMAN VEASLEY a/k/a HERMAN VEASLEY, JR., a/k/a "JUNE"*

*v.*

*STATE OF MISSISSIPPI*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 01/20/95 |
| TRIAL JUDGE: | HON. JOHN LESLIE HATCHER |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STEPHEN ALAN BRANDON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | LAURENCE Y. MELLEN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED AND REMANDED - 4/22/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/13/99 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This matter comes before the Court upon the State's petition for writ of certiorari. We granted certiorari to clarify our "tender years" exception to the hearsay rule, Miss. R. Evid. 803 (25). We conclude that a child under twelve is rebuttably presumed to be of tender years and that, where a person is twelve or older, a trial court must make a factual determination as to whether that person is of tender years based on mental age. The trial court expressed doubt as to whether the exception should apply to the person here involved. Nevertheless, the trial court felt bound by the comment to Rule 803(25), to treat any person under fourteen as a child of tender years for this exception, and, therefore, failed to conduct a hearing to determine whether S.K. was in fact a child of tender years for these purposes. Because the trial court failed to conduct such a hearing the conviction must be reversed. Accordingly, we affirm the judgment of the Court of Appeals and remand this matter to the circuit court for further proceedings consistent with this opinion and the Court of Appeals' opinion.

### I.

¶2. On May 19, 1994, Andrew Thompson, Jr., Sheriff of Coahoma County, received a phone call from

S.K.'s biological father that S.K., a thirteen-year-old female, was being sexually abused by Herman Veasley, Jr., S.K.'s stepfather, who was married to S.K.'s mother. On May 20,1994, Verlena Flagg, a social worker with the Department of Human Services, and Officer Hunter with the Jonestown Police Department removed S.K. from the Veasley's household. After removal, S.K. was transported to the Department of Human Services and interviewed by Flagg and Sheriff Thompson. During that interview, S.K. informed the social worker that Veasley had been having sexual intercourse with her since she was seven or eight years old; that the last time he had had sex with her was May 13, 1994; that Veasley had been beating on her mother; and that she was afraid of Veasley. Later S.K. also told the physician who examined her that her stepfather had been sexually abusing her since she was seven.

¶3. On December 13, 1994, Herman Veasley, Jr., was indicted for five counts of rape of S.K., a child of less than fourteen years of age. Prior to trial, Veasley filed a motion in limine to prevent the introduction of all aspects of out-of-court statements made by S.K. to the social worker, Flagg, and Sheriff Thompson, claiming it to be inadmissible hearsay under M.R.E. 803(25). He further alleged that the evidence of spousal abuse was inadmissible as being in violation of M.R.E. 404(b).

¶4. The trial court initially stated that it did not consider a child of thirteen to be of tender years, but it was eventually persuaded to admit the evidence based on the comment to Rule 803(25), stating that according to case law anyone under fourteen is considered to be of tender years. Thus, Flagg and Sheriff Thompson were permitted to testify to out-of-court statements made to them by S.K. about the sexual contact, without the trial court first conducting a hearing to determine whether S.K. was in fact a child of tender years. Flagg was also permitted to relate statements made to her by S.K. concerning incidents of physical abuse of S.K.'s mother by Veasley. S.K. was available to testify and did in fact testify to her sexual intercourse with Veasley.

¶5. Veasley was convicted of five counts of rape and sentenced to five consecutive life sentences to be served in the custody of the Mississippi Department of Corrections. The Court of Appeals reversed and remanded for a new trial. *Veasley v. State*, 697 So. 2d 1194 (Miss. Ct. App. 1997) (table), *rehearing denied*, 704 So. 2d 473 (Miss. Ct. App. 1997). The Court of Appeals found that the trial court erred as a matter of law in ruling on the admissibility of the out-of-court statements made by S.K. to the social worker and Sheriff, and that the trial court erred in refusing to hold a hearing relative to the status of S.K. as a child of tender years. Aggrieved, the State filed a petition for writ of certiorari.

## II.

¶6. The primary basis for the Court of Appeals' reversal and remand in the case was the failure of the trial court to determine that the child victim was a child of tender years for the purpose of admitting hearsay testimony under the provisions of M.R.E. 803(25). The State argues that the Court of Appeals misinterpreted the comment to Rule 803(25), applying it in a manner which was not intended by the drafters of the rule or by this Court in adopting the rule.

¶7. The State asserts that the Court of Appeals, in holding that as a matter of law a case- -by-case determination must be made that a child is of "tender years" before M.R.E. 803(25) can be applied, overlooked the fact that an adolescent is a child of tender years. The State explains that a case-by-case determination should not be necessary because (1) the trial judge, in considering the reliability factors outlined in the comment to the rule, has to consider the age and maturity of the child; and (2) although there has been no specific interpretation of the comment, this Court has described children of ages eleven, twelve,

and thirteen to be of tender years. The State relies on pre-rule cases to support its position. *See* *Leatherwood v. State,* 548 So. 2d 389, 399 (Miss. 1989); *Houston v. State,* 531 So. 2d 598, 608-09 (Miss. 1988); *Woodruff v. State,* 518 So. 2d 669 (Miss. 1988); *Williams v. State,* 427 So. 2d 100 (Miss. 1983).

¶8. Although the trial court observed that it did not consider a thirteen-year-old to be a child of tender years, it was eventually persuaded to admit the evidence based, apparently, on the comment to Rule 803(25), which mentions age fourteen as the outer limit accepted in many jurisdictions. The statements made by the thirteen-year-old victim in this case to the social worker and the Sheriff were admitted under the tender years doctrine, without the trial court first conducting a hearing to determine S.K.'s status as a child of tender years.

¶9. The Court of Appeals, in concluding that the trial court erred as a matter of law in ruling on the admissibility of the victim's out-of-court statements, explained that "there is a two-step process for evaluating the admissibility of a young victim's out-of-court statements. The trial court must first determine that the declarant is, in fact, a child of tender years before it may move to the second step of determining whether 'the time, content, and circumstances of the statement provide substantial indicia of reliability...'" Miss. R. Evid. 803(25). The Court of Appeals further explained that:

> While this Court will concede that in situations involving a very young child, there may exist no legitimate issue of fact as to whether the child is 'of tender years' for purposes of this rule, we do not think in this case that the matter is so forgone a conclusion that the trial court may simply assume the fact. The victim was thirteen years old when she made the statements implicating her stepfather. Evidence was developed at trial that, in fact, she had been sexually active with other adults besides her stepfather in the period prior to the incidents charged in the indictment and, thus, prior to the time the statements were made. This sexual activity was, by her own testimony purely consensual, though she claimed that she had consented because of the encouragement or insistence of her stepfather.

> The trial court, in ruling on the 803(25) issue, seemed to have misapprehended the import of the comment to the rule regarding chronological age since he stated, "I don't consider age thirteen to be a child of tender years," and then immediately thereafter said, "Except to the extent that it is permitted in 803.25 in which case, according to the cases and so forth, anyone under fourteen is considered to be, for purposes, to fit within that exception."

¶10. The Court of Appeals held that the trial court improperly assumed, without any evidence, the answer to an important question of fact affecting the admissibility of the victim's out-of-court statements--a question that, on the record, seems one upon which reasonable fact-finders might differ. The Court of Appeals concluded that, because the hearsay evidence offered by the social worker and the Sheriff was central to the issue of guilt in this case, the improper admission of the evidence required reversal because it affected Veasley's substantial rights. Miss. R. Evid. 103(a); *Gullett v. State*, 523 So. 2d 296, 300 (Miss. 1988); *Murphy v. State,* 453 So. 2d 1290, 1293-94 (Miss. 1984).

¶11. Prior to the adoption of the Rules of Evidence, as noted in *Gill v. State,* 485 So. 2d 1047 (Miss. 1986), this Court had broadened the hearsay exception in child sex abuse cases beyond that previously allowed in rape cases involving females over the age of puberty. *Compare Anderson v. State,* 82 Miss. 784, 788, 35 So. 202, 203 (1903). In *Gill* we found no error in admitting testimony that a twelve-year-old child ran out of the house and told the next-door neighbor that her stepfather had just raped her. *Id.* Also,

in *Williams v. State*, 427 So. 2d 100 (Miss. 1983), where an eleven-year-old child was raped by her stepfather, the Court found no error in the admission of statements made to her older sister the next morning that she had been raped, as well as to a local minister who took the child to the hospital for examination; even though the child's statements as to who committed the crime were not admissible. With regard to the length of time that passed between the time of the rape and the time at which the child made the statements, the Court in *Williams* adopted the Michigan rule, as stated in *People v. Mikula,* 84 Mich. App. 108, 116, 269 N.W.2d 195, 199 (1978):

> Hearsay testimony concerning the details of a complaint of sexual assault is admissible were the complainant is of "tender years" if her statement is shown to have been spontaneous and without indication of manufacture, and if any delay is making the complaint is excusable insofar as it is caused by fear or other equally effective circumstances.

*Williams,* 427 So. 2d at 102-03.

¶12. In *Leatherwood v. State,* 548 So. 2d 389 (Miss. 1989), this Court held that since there was no tender years exception to the hearsay rule when the defendant was tried due to the subsequent adoption of the Mississippi Rules of Evidence, the trial court should have first made a determination as to whether hearsay testimony not otherwise admissible under the rules governing exceptions to hearsay could qualify under residual hearsay exception. *Id.* at 401.

¶13. In 1991, Rule 803 was amended to include the tender years exception to the hearsay rule. Rule 803(25) states that:

> A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

¶14. In order for an out-of-court statement to be admissible under Rule 803(25), the court must determine (1) that the declarant is a child of tender years and (2) that "the time, content, and circumstances of the statement provide substantial indicia of reliability...." However, we have not, heretofore, rendered any decisions which guide the trial courts as to what must be considered in determining whether the child victim in question is "a child of tender years." Nor does Rule 803(25) set a specific age criterion.

¶15. In the instant case, the trial court accepted age fourteen for no reason other than that is the age mentioned in the comment to Rule 803(25) as the outer limit of what is accepted in other jurisdictions. The Court of Appeals suggests that the trial court is free, regardless of age, to examine the relative experience and maturity of the declarant and determine whether the exception should apply. The Court of Appeals also recognizes that there may be some very young age at which the application of the doctrine might be assumed, but it does not specify the age.

¶16. Today we hold that there is a rebuttable presumption that a child under the age of twelve is of tender years. In doing so, we are guided and persuaded by our legislature's action in this regard. *See* Miss. Code Ann. § 13-1-403 (declared constitutionally defective in *Hall v. State*, 539 So. 2d 1338, 1339 (Miss.

1989) on other grounds) (suggesting a presumptive age of under twelve). Where an alleged sexual abuse victim is twelve or older, there is no such presumption and the trial court must make a case-by-case determination as to whether the victim is of tender years. This determination should be made on the record and based on a factual finding as to the victim's mental and emotional age. If the court finds that the declarant is of tender years, then it must still rule on the Rule 803(25)(a) and (b) factors before admitting the testimony. Accordingly, we agree with the Court of Appeals that the trial court erred in admitting this evidence without first making the required factual determinations.

## III.

¶17. Having determined that error occurred we are now called upon to address whether it compels reversal. In this case it cannot be said that the admission of the hearsay testimony was harmless beyond a reasonable doubt. *Mack v. State*, 650 So. 2d 1289, 1310 (Miss. 1994). "To apply the harmless error analysis... this Court must determine whether the weight of the evidence against [the defendant] is sufficient to outweigh the harm done by allowing admission of [the] evidence." *Fuselier v. State*, 702 So. 2d 388, 391 (Miss. 1997). The only other evidence regarding the sexual abuse was S.K.'s testimony and the testimony as to what S.K. told the examining physician. Without the testimony of the social worker and the Sheriff to bolster S.K.'s version of the events, this case amounts to S.K.'s word against that of her mother and stepfather.

¶18. Nor does the testimony fall into one of the other hearsay exceptions. Although S.K. also told the physician who later examined her that she had been abused by her stepfather since she was seven, at the time she made the statements to the social worker and the Sheriff she was not attempting to obtain medical diagnosis or treatment so as to fall into Miss. R. Evid. 803(4).

## IV.

¶19. For these reasons, the judgment of the Court of Appeals is affirmed, and this case is remanded to the Coahoma County Circuit Court for further proceedings consistent with this opinion and the Court of Appeals' Opinion.

¶20. **AFFIRMED AND REMANDED**.

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE AND WALLER, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS, J. MILLS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SMITH, J. COBB, J., NOT PARTICIPATING.**

     **SMITH, JUSTICE, DISSENTING:**

¶21. I disagree with the majority's decision to affirm the Court of Appeals' reversal of the trial court on ground that the trial judge must conduct a hearing to determine if a child of under fourteen years is in fact "of

tender years" in accord with Miss. R. Evid. (M.R.E.) 803(25). The most important reason in my view is that the use of the "under fourteen years" language is consistent with a majority of other jurisdictions as well as our own state statute regarding statutory rape, Miss. Code Ann. § 97-3-65 (Supp. 1998). Second, I agree with Court of Appeals Judge Payne who eloquently wrote in dissent that "it (rule 803(25)) does not state that a judge must jump through evidentiary hoops to determine if a child is of tender years. It seems apparent from the language of the rule that the portion concerning tender years is a determination which is left to the discretion of the judge." *Veasley v. State*, No. 95-KA-00367 COA (Miss. Ct.App. July 1, 1997) (Payne, J., dissenting).

¶22. The majority holds that "there is a rebuttable presumption that a child under the age of twelve is of tender years." Maj. Op. at 8. The comment to Rule 803(25) states that "[m]any jurisdictions limit their analogous exceptions to declarants **under the age of fourteen** years. However, the exception should not be necessarily limited to a specific chronological age. In appropriate cases, the exception might apply when the declarant is chronologically older than fourteen years, but the declarant has a mental age less than fourteen years." M.R.E. 803(25) cmt. Therefore, the comment only contemplates extending the rule to declarants above the chronological age of fourteen, not shortening that time-frame. The above-quoted language was designed to give guidance to the bar and the courts. *See* Order Adopting the Mississippi Rules of Evidence (b). Further, this language affords this Court the opportunity to provide more protection for mentally handicapped victims and should not be used as an excuse to deny protection to children of all ages.

¶23. Moreover, Miss. Code Ann. § 97-3-65(1) states as follows:

(1) The crime of **statutory rape** is committed when:

(a) Any person seventeen (17) years of age or older has sexual intercourse with a child who:

(i) Is at least fourteen (14) but under sixteen (16) years of age;

(ii) Is thirty-six (36) or more months younger than the person; and

(iii) Is not the person's spouse; or

(b) A person of any age has sexual intercourse with a child who:

(i) Is **under the age of fourteen** (14) years;

(ii) Is twenty-four (24) or more months younger than the person; and

(iii) Is not the person's spouse.

(c) Neither the victim's consent nor the victim's lack of chastity is a defense to a charge of statutory rape.

Miss. Code Ann. § 97-3-65(1) (Supp. 1998) (emphasis added). It strikes me as no coincidence that our state Legislature has adopted the same language as Rule 803(25) ("under the age of fourteen") in our current statutory rape law.[1]

¶24. Even under the former Section 97-3-65, which was the statute used to convict Veasley, the critical

language of "under the age of fourteen" was used as the standard. *See* Miss. Code Ann. § 97-3-65 (1994). A child under the age of fourteen cannot, as a matter of law, be old enough or mature enough to consent to an act of sex. A logical inconsistency exists if we require, as the majority holds, an evidentiary hearing to determine if the victim is "of tender years" because the Legislature has already said that the same victim/child is not able to consent as a matter of law.

¶25. I see no need for an evidentiary hearing to determine whether a child not under age twelve is of tender years. M.R.E. 803(25) states as follows:

> A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

Thus, the rule itself contemplates a hearing is necessary to determine "that the time, content, and circumstances of the statement provide substantial indicia of reliability. . . ." *See* M.R.E. 803(25)(a). In effect, the majority seeks to amend the rule to require an evidentiary hearing to determine whether a child/victim is of tender years. Such an evidentiary hearing is needless because the rule says nothing about making specific on the record findings to support a conclusion that a child is of tender years.

¶26. The majority both here and in the Court of Appeals makes much of the fact that the trial judge did not "consider age thirteen to be a child of tender years," but allowed the hearsay into evidence anyway under rule 803(25). Maj. Op. at 5. The majority quoted the Court of Appeals which stated as follows:

> The victim was thirteen years old when she made the statements implicating her stepfather (Veasley). Evidence was developed at trial that, in fact, **she had been sexually active with other adults** besides her stepfather in the period prior to the incidents charged in the indictment and, thus, prior to the time the statements were made. **This sexual activity was, by her testimony purely consensual**, though she claimed that she had consented because of the encouragement or insistence of her stepfather.

> The trial court, in ruling on the 803(25) issue, seemed to have misapprehended the import of the comment to the rule regarding chronological age since he stated, "I don't consider age thirteen to be a child of tender years," and then immediately thereafter said, "Except to the extent that it is permitted in 803.25 in which case, according to the cases and so forth, anyone under fourteen is considered to be, for purposes, to fit within that exception."

Maj. Op. at 5 (emphasis added). Section 97-3-65(1)(c) specifically states that "[n]either the victim's consent nor the victim's lack of chastity is a defense to a charge of statutory rape." Why are the majority and the Court of Appeals allowing the use of the rape victim's apparent consent and lack of chastity indirectly to prohibit otherwise admissible hearsay evidence that the crime was committed? **If consent and lack of chastity are not defenses to the crime of statutory rape, they should not be factors in determining whether a child is "of tender years."** Otherwise, this Court is undercutting the progressive steps taken in the modern era and putting the victim and the victim's reputation back on trial. *See* M.R.E. 412 (Sex Offense Cases; Relevance of Victim's Past Behavior).

¶27. Accordingly, I respectfully dissent.

**MILLS, J., JOINS THIS OPINION.**

**MILLS, JUSTICE, DISSENTING:**

¶28. I concur with Justice Smith's dissent and write separately to state my own views. The testimony of the social worker and the Sheriff were not essential to the jury's verdict. The child's in-court testimony was the determining factor in the jury's decision and constituted sufficient evidence to support the verdict. I would find the other testimony to be merely cumulative and its admission harmless error at worst. No substantial right of the defendant was adversely affected to a degree sufficient to mandate reversal. *See* M.R.E. 103(a). I would affirm the jury's verdict.

**SMITH, J., JOINS THIS OPINION.**

1. The pre-rule tender years exception reflected the age of 12, which was at that time the age specified in the capital rape statute, § 97-3-65(1). In 1987, when the Legislature adopted the Evidence of Child Sexual Abuse Act, which was declared to be an unconstitutional infringement on the Court's authority to make its own rules of evidence in *Hall v. State*, 539 So.2d 1338 (Miss. 1989), the age was again set at 12, parallel with the capital rape statute. In 1985, the maximum age of the capital rape victim was raised from 12 to 14. When the Court adopted the tender years exception in 1991, the only chronological age mentioned was 14.