803 So.2d 473 (2001)
David Lee HAYES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-02013-COA.
Court of Appeals of Mississippi.
March 27, 2001.
Rehearing Denied April 27, 2001.
*474 Raymond L. Wong, Cleveland, Attorney for Appellant.
Office of the Attorney General by Dewitt T. Allred, III, Jackson, Attorney for Appellant.
Before McMILLIN, C.J., LEE, and PAYNE, JJ.

PROCEDURAL HISTORY
PAYNE, J., for the Court:
¶ 1. One November 3, 1999, a Bolivar County Circuit Court jury convicted David Lee Hayes of the crime of statutory rape. Hayes was sentenced as an habitual offender to serve life in prison without parole. At the end of the State's case, Hayes moved for a directed verdict, but the motion was denied. Hayes's motion for judgment notwithstanding the verdict, or in the alternative, a new trial was also denied. Feeling aggrieved, Hayes now appeals to this Court.

*475 FACTS
¶ 2. On or about May 1, 1999, David Lee Hayes and several others went to a hotel room in Cleveland, Mississippi. L.G.[1] was one of those present at the hotel room. While the others went to sleep on one of the beds in the hotel room, Hayes and L.G. sat on the other bed. L.G. testified that, while the others were sleeping, Hayes forced her to have sex with him. Hayes counters that he did indeed have sex with L.G., but such act was consensual and occurred earlier in the day, not at the hotel room. Hayes was thirty-one years old at that time, and L.G. was thirteen. Sometime later that night L.G.'s grandmother called the police because L.G. had not yet arrived home. The police found all the parties, except for Hayes, at the hotel. Thereafter, L.G. was taken to the police department where she gave a statement detailing the events that occurred in the hotel room. She was later taken to the hospital where a physical examination revealed that she had recently engaged in sexual intercourse. The following day, Hayes was arrested and charged with statutory rape.

ANALYSIS OF THE ISSUES PRESENTED

STANDARD OF REVIEW
¶ 3. We cite verbatim from his brief those issues the appellant, David Lee Hayes, raises for our review on appeal:
I. THE RULE 803(25) M.R.E. HEARING WAS NEITHER TIMELY FILED NOR WAS THE DEFENSE GIVEN NOTICE OF THE HEARING BY THE PROSECUTION.
II. L.G. IS NOT A CHILD OF TENDER YEARS SUCH THAT RULE 803(25) M.R.E. HEARSAY EXCEPTION APPLIES.
III. THE TRIAL COURT COMMITTED ERROR IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT BECAUSE THE PROSECUTION FAILED TO PROVE ITS CASE AGAINST THE APPELLANT, AND THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND THE VERDICT EVIDENCES BIAS AND PREJUDICE AGAINST THE APPELLANT, AND WAS BASED SOLELY UPON SUSPICION AND SPECULATION.
¶ 4. Hayes's first and second issues regard evidentiary matters. We first look to our applicable standard of review:
Under the Supreme Court's standard of review, the admissibility of evidence rests within the discretion of the trial court. However, this Court must also determine whether the trial court employed the proper legal standards in its fact findings governing evidence admissibility. If in fact the trial court has incorrectly perceived the applicable legal standard in its fact findings, the Court applies a substantially broader standard of review. However, a denial of a substantial right of the defendant must have been affected by the court's evidentiary ruling. Furthermore, the trial court's discretion must be exercised within the scope of the Mississippi Rules of Evidence and reversal will be appropriate only when an abuse of discretion resulting in prejudice to the accused occurs.
Clemons v. State, 732 So.2d 883 (¶ 18) (Miss.1999) (citations omitted).
¶ 5. With his final issue, Hayes raises an issue concerning the denial of his motion for directed verdict and of his motion for judgment notwithstanding the verdict, *476 which challenges the sufficiency of the evidence. Our standard of reviewing a trial court's decision concerning a directed verdict is as follows:
The standard of review in judging the sufficiency of the evidence on a motion for directed verdict requires that we accept as true all the evidence favorable to the state, together with reasonable inferences arising therefrom, to disregard the evidence favorable to the defendant, and if such evidence would support a verdict of guilty beyond a reasonable doubt, the trial court's denial of the motion must be affirmed.
Christian v. State, 456 So.2d 729, 734 (Miss.1984) (citations omitted).
¶ 6. Hayes also argues with his final issue that the weight of the evidence did not support the verdict. Accordingly, we look to our standard of review concerning weight of the evidence.
Matters regarding the weight and credibility of the evidence are to be resolved by the jury....
Moreover, the challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion. Procedurally such challenge necessarily invokes [Uniform Circuit and County Court Rule 10.05]. New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion....
McClain v. State, 625 So.2d 774, 778-81 (Miss.1993) (citations omitted).

DISCUSSION OF THE ISSUES

I. THE RULE 803(25) M.R.E. HEARING WAS NEITHER TIMELY FILED NOR WAS THE DEFENSE GIVEN NOTICE OF THE HEARING BY THE PROSECUTION.
¶ 7. Hayes argues that he was not given due notice of the State's intent to conduct a hearing on its motion in limine concerning hearsay statements. Specifically, Hayes argues that he was not given a written motion concerning the motion in limine nor a notice of the hearing, and that the deadline for filing motions had already passed by that time. Hayes is incorrect on this notion. Though the transcript cites this proceeding as a "motion in limine," the proceeding actually was simply an evidentiary hearing, not a hearing on a motion, per se.
¶ 8. The State points out that the hearsay statements in question concern remarks that L.G. made to Officer Sparks and to Investigator Serio the night of the incident. Hayes argues that since this hearsay question involved a motion, he should have been given written notice concerning when the prosecution wished to bring the motion before the court. In the excerpts from the hearing, the district attorney clarifies that this question involved only an evidentiary ruling, which rulings are customarily addressed at the pre-trial stages to avoid delays in the trial. The court agreed and overruled the motion.
¶ 9. Looking further to the rule at issue in this evidentiary matter, M.R.E. 803(25), the "Tender Years" exception, states:
A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted *477 only if there is corroborative evidence of the act.
Nowhere in this rule is any requisite listed that requires written notice of a hearing only a hearing needed to be conducted, which did take place as directed. We find no merit to this issue as this was merely an evidentiary ruling conducted in accordance with M.R.E. 803(25). There was no need for any further written document on this matter.

II. L.G. IS NOT A CHILD OF TENDER YEARS SUCH THAT RULE 803(25) M.R.E. HEARSAY EXCEPTION APPLIES.
¶ 10. Hayes argues that the trial court erred in finding that L.G. was a child of tender years, which conclusion thereby allowed hearsay statements to be admitted by virtue of M.R.E. 803(25). Hayes cites Veasley v. State, 735 So.2d 432 (Miss.1999), which involved the alleged rape of a thirteen-year old girl. In affirming this Court's decision in Veasley, the supreme court clarified M.R.E. 803(25) concerning what age was determinative for the tender years doctrine to be applied. Id. at (¶ 16). The applicable rule from Veasley states:
Today we hold that there is a rebuttable presumption that a child under the age of twelve is of tender years. In doing so, we are guided and persuaded by our legislature's action in this regard. See Miss.Code Ann. § 13-1-403 (declared constitutionally defective in Hall v. State, 539 So.2d 1338, 1339 (Miss.1989) on other grounds) (suggesting a presumptive age of under twelve).[2] Where an alleged sexual abuse victim is twelve or older, there is no such presumption and the trial court must make a case-by-case determination as to whether the victim is of tender years. This determination should be made on the record and based on a factual finding as to the victim's mental and emotional age. If the court finds that the declarant is of tender years, then it must still rule on the Rule 803(25)(a) and (b) factors before admitting the testimony. Accordingly, we agree with the Court of Appeals that the trial court erred in admitting this evidence without first making the required factual determinations.
Veasley, 735 So.2d 432 at (¶ 16). Hayes argues that L.G.'s testimony concerning her responsibilities at home and school showed she was mentally mature; thus, she did not fit into this tender years exception. With L.G.'s testimony, the attorneys asked questions that were intended to enlighten the court as to L.G.'s mental maturity. L.G. affirmed she knew the difference between a truth and a lie, that she *478 helped both her grandmother and great grandmother with household chores (she lived with each at different times), and that she cares for her one year old sister and babysits her often. L.G. also was questioned concerning her school habits and the time she leaves and arrives home from school, and she was embarrassed when asked about physical parts of the body and when she was questioned concerning the incident at issue.
¶ 11. Those present when L.G. testified were able to evaluate her demeanor and behavior. We are not so fortunate to have been present; this is why our Court is allowed to reverse a trial judge only if we find he abused his discretion in such a situation where an evaluation of witness's demeanor is essential. On paper, those facts brought out on L.G.'s testimony seem reflective of things a mature adolescent would say. Reading the transcript further, though, the district attorney commented that from L.G.'s physical demeanor, "it appeared rather obvious that this is a child of tender years" and "I believe that her testimony, in toto, and her demeanor, in toto, before this Court demonstrate that she is an immature person. She may be mature appropriately for her age, but she is not as mature as an adult. She is certainly a child. She certainly comes across as a child, and is immature in the sense of being child of tender years." The judge agreed. Since we are not the triers of fact, we must note that Hayes has presented us with no evidence that the judge abused his discretion and we will not reverse without such evidence.

III. THE TRIAL COURT COMMITTED ERROR IN DENYING APPELLANT'S MOTION FOR DIRECTED VERDICT BECAUSE THE PROSECUTION FAILED TO PROVE ITS CASE AGAINST THE APPELLANT, AND THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND THE VERDICT EVIDENCES BIAS AND PREJUDICE AGAINST THE APPELLANT, AND WAS BASED SOLELY UPON SUSPICION AND SPECULATION.
¶ 12. With this issue, Hayes makes a general argument that evidence did not exist to convict him. Procedurally, Hayes moved for a directed verdict at the end of the State's case, arguing that the State failed to proved a prima facia case against him for statutory rape. The court asked Hayes to clarify which element(s) he believed the State failed to prove, and Hayes remarked, "Regarding the sexual intercourse, there is no proof, even from Ms. Shannon Lee that the sperm was alive." (Ms. Lee was the lab technician at the hospital who examined L.G. to test for the presence of sperm). This one question, though, does not go directly to the elements involved in the crime with which Hayes was charged. The elements of statutory rape are set forth in Miss.Code Ann. § 97-3-65(1)(b) (Rev.2000):
(1) The crime of statutory rape is committed when:
(b) A person of any age has sexual intercourse with a child who:
(i) Is under the age of fourteen (14) years;
(ii) Is twenty-four (24) or more months younger than the person; and
(iii) Is not the person's spouse.
Taking the evidence in the light most favorable to the State, substantial evidence was presented concerning each of these four factors. L.G. and Hayes both testified that they engaged in sexual intercourse, though Hayes argued this occurred at a different time and locale than at the hotel that evening. L.G. testified concerning her birth date and verified that she was thirteen years old at the time of the *479 intercourse with Hayes. Investigator Serio established that Hayes was thirty-three years old, and L.G. testified she was not married to Hayes. Altogether, the evidence did make out a prima facie case for the jury, and the verdict of guilty beyond a reasonable doubt was properly entered. The judge rightly denied Hayes's motion for directed verdict.
¶ 13. Hayes raised various points in support of his motion for judgment notwithstanding the verdict or in the alternative a new trial; however, he failed to address any of these points with this argument and failed to show how any unconscionable injustice resulted. As described previously, substantial evidence existed to support the verdict and there was no abuse of discretion here.

CONCLUSION
¶ 14. Finding no error with the trial court's decision, we affirm on all issues.
¶ 15. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF STATUTORY RAPE AND SENTENCE TO LIFE IN PRISON WITHOUT THE POSSIBILITY OF PAROLE IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.
NOTES
[1] We use the initials of the female child to protect her identity.
[2] This comment reflects the supreme court's finding in Hall that the Mississippi Legislature went beyond its authority in passing the "Evidence of Child Sexual Abuse Act." This act provided that a child victim of sexual abuse could be deemed "unavailable" for testimony purposes, such that the child's hearsay statements would be allowed into evidence. The supreme court found that they, not the Legislature, had exclusive jurisdiction in deciding evidence matters, including authority to promulgate new rules; thus, the court declared the act void as beyond the Legislature's authority. Noteworthy, though, is the fact that approximately five years after this act, the Mississippi Supreme Court approved M.R.E. 803(25) which is the "tender years" hearsay exception, and also approved M.R.E. 804(a)(6) which provides that "In the case of a child, because of the substantial likelihood that the emotional or psychological health of the witness would be substantially impaired if the child had to testify in the physical presence of the accused," the witness is declared not to be available. Thus, the court effectively communicated to the Legislature that the judiciary retained exclusive control over evidentiary subjects and matters relating to rules of court.