THOMAS, J.,
for the Court.
¶ 1. David Carson was found guilty in the Circuit Court of Walthall County of felonious child abuse and was sentenced to twenty years, only three days to be served and the remainder to be served on post release supervision, and a $4,000 fine. He was also convicted of touching, handling, and feeling a child for lustful purposes and received a consecutive sentence of fifteen years, twelve years to be served and the remaining three years to be served on post release supervision, and a $1,000 fine. Aggrieved, he asserts the following issues:
*98 I. THE LOWER COURT ERRED IN ADMITTING HEARSAY TESTIMONY BY LACY O’QUIN.
II. THE LOWER COURT ERRED IN THAT THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE VERDICT.
Finding no error, we affirm.
FACTS
¶ 2. David Carson lived with his girlfriend and her children, including thirteen year-old T.T. Carson was arrested on September 18, 1999, for felony child abuse, sexual battery, and touching, handling, and feeling a child for lustful purposes. The alleged events that led to the arrest occurred on September 17 and 18 and involved T.T. A social worker for the Walt-hall County division of Family and Children Services, Lacey O’Quin, interviewed the victim and several witnesses. Carson was indicted on all three charges.
¶ 3. Trial was held on February 22, 2000. At trial, Lacey O’Quin testified about her investigation and interviews of the victim who stated that Carson had beaten her with a belt and engaged in inappropriate acts of a sexual nature; the victim’s mother, who stated that she knew of the acts and had confronted Carson about them and had herself been abused by him; and David Carson who stated that he had whipped the girl with a belt but denied any inappropriate sexual acts. One witness testified that she had seen Carson whip T.T. and kick her, and three other witnesses, including T.T.’s younger sister, testified that they had seen Carson touch T.T. on the breasts or buttocks. T.T. took the stand and testified that Carson had performed oral sex on her, touched her breasts and buttocks, whipped her, and kicked her. She denied that Carson penetrated her with his finger.
¶ 4. At the close of the State’s evidence, Carson moved for a directed verdict on all counts. The motion was granted as to count II, sexual battery, and denied on the other counts. David Carson testified, denying the allegations against him. Carson was found guilty on the remaining two counts.
ANALYSIS
I. DID THE LOWER COURT ERR IN ADMITTING TESTIMONY BY LACY O’QUIN?
¶ 5. Carson asserts that inadmissable hearsay testimony was given by Lacy O’Quin regarding statements made to her by T.T. and her mother, S.J. Carson objected to these statements and the objection was overruled as to T.T.’s statements under M.R.E. 803(25), the tender years exception. Testimony of statements made by S.J. to O’Quin were not allowed. The State attempted to lay a predicate for this testimony, but the trial judge sustained the objection. Therefore, O’Quin’s testimony of S.J.’s statements was not admitted and is not at issue here.
¶ 6. A social worker can testify regarding statements of a child victim under M.R.E. 803(25), which states the following:
A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (2) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.
However, a child is only presumed to be of tender years if younger than twelve years *99 of age. Veasley v. State, 735 So.2d 432, 437 (Miss.1999). If older, a case by case determination must be made as to whether the victim is of tender years. Id. T.T. was thirteen years of age at the time of the incident and at the time of trial.
¶ 7. Although there appears to have been no hearing in order to determine a “substantial indicia of reliability” as stated in the rule, T.T. did testify at the proceedings and there was corroborative evidence as required by the rule in the form of several other witnesses. Carson himself admitted to hitting T.T. with the belt he was wearing at trial. “Th[e] Court must determine whether the weight of the evidence [against the defendant] is sufficient to outweigh the harm done by allowing admission of [the] evidence.” Veasley, 735 So.2d at 437, citing Fuselier v. State, 702 So.2d 388, 391 (Miss.1997). The strength of the corroborating evidence, the exhibits, and the testimony of the victim, outweigh the admission of the statements made to the social worker. The error here, if any, was harmless.
II. DID THE LOWER COURT ERR IN THAT THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE VERDICT?
¶ 8. Carson argues that the evidence against him was insufficient to support the verdict. A motion for a directed verdict, request for peremptory instruction, and motion for judgment notwithstanding the verdict challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). “Since each requires consideration of the evidence before the court when made, this Court properly reviews the ruling on the last occasion the challenge was made in the trial court.” Id. This occurred when the lower court denied the motion for a directed verdict. Wetz v. State, 503 So.2d 803, 807-8 (Miss.1987). “If there is sufficient evidence to support a verdict of guilty, this Court will not reverse.” Meshell v. State, 506 So.2d 989, 990 (Miss.1987). See also Raymond v. State, 478 So.2d 297, 300 (Miss.1985); Fairley v. State, 467 So.2d 894, 902 (Miss.1985). We hold that the evidence was sufficient to support the verdict.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF WALTHALL COUNTY OF CONVICTION OF COUNT I: FELONIOUS CHILD ABUSE AND SENTENCE OF TWENTY YEARS, TO SERVE THREE DAYS AND THE REMAINING TERM ON POST-RELEASE SUPERVISION AND $4,000 FINE; COUNT III: TOUCHING, HANDLING AND FEELING A CHILD FOR LUSTFUL PURPOSE AND SENTENCE OF FIFTEEN YEARS TO SERVE THE FIRST TWELVE YEARS WITHOUT POSSIBILITY OF PROBATION OR PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE REMAINING THREE YEARS ON POST-RELEASE SUPERVISION AND $1,000 FINE IS AFFIRMED. SENTENCES IN COUNTS I AND III SHALL RUN CONSECUTIVELY. COSTS OF THIS APPEAL ARE ASSESSED TO WALT-HALL COUNTY.
McMILLIN, C.J, KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.