# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-KA-00056-COA

**PATRICK MAGEE A/K/A PATRICK O'BRIAN MAGEE**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/06/2018 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN R. REEVES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ABBIE EASON KOONCE |
| DISTRICT ATTORNEY: | JOHN K. BRAMLETT JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/21/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     On December 6, 2017, Patrick O'Brian Magee was indicted for one count of sexual battery in violation of Mississippi Code Annotated section 97-3-95 (Rev. 2014). He proceeded to trial before the Honorable Steve S. Ratcliff III, and a Madison County Circuit Court jury found him guilty. Magee was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections. He filed a motion for judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial, which the court denied on December 14, 2018. Magee appeals.

## FACTS AND PROCEDURAL HISTORY

¶2. Patrick O'Brian Magee was indicted for one count of sexual battery in the Circuit Court of Madison County, Mississippi. The indictment alleged that on or about July 17, 2017, Magee wilfully, unlawfully, and feloniously engaged in sexual battery, as defined by Mississippi Code Annotated section 97-3-97 (Rev. 2014), by engaging in sexual penetration of J.M., a mentally defective person, in violation of Mississippi Code Annotated section 97-3-95(1)(b). Magee retained Kevin Camp to represent him, and Camp filed his entry of appearance on January 11, 2018.

¶3. According to the record, on July 20, 2017, Madison County Sheriff's Deputy Joel Evans was dispatched to Merit Health Hospital to investigate a reported sexual assault. According to his testimony, he encountered J.M., a sixty-six-year-old mentally disabled woman, who said she had been forced to have sex with her sister's boyfriend, Magee. J.M. lived with her sister Vanessa, because she (J.M.) was unable to live alone. Vanessa and Magee were engaged to be married, and J.M. was sometimes left alone with Magee. In July 2017, Magee was living with Vanessa and J.M.

¶4. Due to the nature of the allegations, J.M. was taken to the Mississippi Child Advocacy Center (CAC) for a forensic interview. Jennifer Weaver, the clinical director, conducted the interview of J.M. and testified that J.M. was the first adult she had interviewed in this capacity. J.M. told Weaver what Magee had done to her. The interview was recorded and shown to the jury. J.M. described how Magee grabbed her as she was coming out of the bathroom and sexually assaulted her. J.M. demonstrated how Magee was thrusting as he was

2

on top of her. Using drawings provided to her, J.M. told Weaver how he touched her "in her skin" and "in between [her] legs." Additionally, during this interview, J.M. stated that Magee penetrated her vagina with his penis. J.M. stated this made her feel weak, nervous, and sick.

¶5.     J.M. told her care assistant, Joann Jefferson, and her other sister, Mary Williams, that Magee had non-consensual sex with her while the two were home alone. Jefferson, Williams, and Weaver testified consistently with J.M.'s statements.

¶6.     A pretrial hearing was held to determine whether J.M. was of tender years to apply the hearsay exception under Mississippi Rule of Evidence 803(25). The circuit court determined that J.M. was, for purposes of Rule 803(25), a "child of tender years," and that there was sufficient indicia of reliability to apply the exception and allow hearsay testimony regarding the alleged sexual assault. At trial, Deputy Evans, Jefferson, and Williams testified as to what J.M. had said.

¶7.     The jury found Magee guilty, and the court sentenced him to serve thirty years in the MDOC's custody. He filed a motion for a JNOV or, alternatively, a new trial, which the court denied on December 14, 2018. Magee appeals.

**DISCUSSION**

¶8.     Magee raises two issues on appeal. First, Magee alleges the circuit court erred by admitting hearsay evidence under Mississippi Rule of Evidence 803(25) because there was insufficient indicia of reliability. Second, Magee alleges he was provided ineffective assistance of counsel.

####     I.     *Admission of Hearsay Testimony Under Rule 803(25)*

3

¶9. It is well settled that this Court reviews a trial court's ruling on the admissibility of evidence using an abuse-of-discretion standard of review. *Peterson v. State*, 37 So. 3d 669, 673 (¶15) (Miss. Ct. App. 2010) (citing *Edwards v. State*, 856 So. 2d 587, 592 (¶12) (Miss. Ct. App. 2003)). "As long as the trial court remains within the confines of the Mississippi Rules of Evidence, its decision to admit or exclude evidence will be accorded a high degree of deference." *Id*. (quoting *Ellis v. State*, 856 So. 2d 561, 565 (¶9) (Miss. Ct. App. 2003)).

¶10. On appeal Magee argues the circuit court committed reversible error by allowing testimony under the tender-years exception. In *Russell v. State*, 203 So. 3d 750 (Miss. Ct. App. 2016), this Court addressed a very similar set of facts. Regarding the tender-years exception, this Court stated that the tender-years exception is outlined in Mississippi Rule of Evidence 803(25) as follows:

> A statement by a child of tender years describing any act of sexual contact with or by another is admissible if: (A) the court—after a hearing outside the jury's presence—determines that the statement's time, content, and circumstances provide substantial indicia of reliability; and (B) the child either: (i) testifies; or (ii) is unavailable as a witness . . . .

*Russell*, 203 So. 3d at 752 (¶11). This Court further explained that "[t]he comment to Rule 803(25) states that 'the exception should not be necessarily limited to a specific chronological age. In appropriate cases, the exception might apply when the declarant is chronologically older than fourteen years, but the declarant has a mental age less than fourteen years.'" *Id*.

¶11. This Court acknowledged that a "rebuttable presumption exists for a child under twelve years of age to be considered a child of tender years, and that victims over twelve

years of age must be analyzed on a case-by-case basis." *Id*. at (¶12) (internal quotation marks omitted). However, the supreme court has noted that the determination of whether a victim over twelve is a child of tender years should be "based on a factual finding as to the victim's mental and emotional age." *Id*. (quoting *Veasley v. State*, 735 So. 2d 432, 437 (¶16) (Miss. 1999)).

¶12.    In holding that the tender-years exception applied, this Court in *Russell* stated:

> We find that these witnesses, in addition to the circuit judge's firsthand observations of K.G., provided an ample basis for a determination that K.G. should have been considered a child declarant, thereby allowing for invocation of the tender-years exception. Given the record before us, we cannot conclude that the circuit judge abused his discretion in this matter.

*Id*. at 753 (¶17). In the instant case, the circuit court went through the proper steps outside the presence of the jury and determined that J.M., while not under the age of twelve, was mentally and emotionally a child. Specifically, the circuit court found that J.M.'s emotional and mental capacity was that of a six-to-eight-year old child. As in *Russell*, *supra*, the trial judge in J.M.'s case properly considered her mental, emotional, and chronological age. In a tender-years hearing on the record held outside the presence of the jury, the trial judge was presented with testimony demonstrating that J.M.'s functional equivalence was that of a child of six-to-eight years of age.

¶13.    Magee argues the forensic interviewer was inexperienced. This argument lacks strength. The circuit court found Weaver was an experienced forensic interviewer, even if J.M. was the first adult patient she had interviewed. Weaver was not the sole basis for the circuit court's decision. Jefferson, Williams, and Vanessa's testimony illustrated how

dependent J.M. was on a daily basis with basic activities such as dressing and preparing food. The trial judge also used J.M.'s own testimony to determine that she was of a limited mental capacity. The trial judge noted in his ruling that while J.M. was able to communicate (about her experience with Magee), her verbal-expression skills were limited.

¶14.    The circuit court referenced the majority of factors found in the comments to Rule 803(25) when making his ruling. Magee argues that the judge was not specific enough regarding each factor, but "the circuit court is not required to make 'point-by-point findings on the twelve reliability factors' where there is sufficient evidence that the child's statements possess substantial indicia of reliability." *Little v. State*, 72 So. 3d 557, 560 (¶12) (Miss. Ct. App. 2011) (quoting *Elkins v. State*, 918 So. 2d 828, 834 (¶18) (Miss. Ct. App. 2005)).

¶15.    Additionally, Magee argues and relies heavily on his contention that J.M. claimed to have never had sex, yet she had a son. Specifically, Magee argues this casts doubt on credibility. This argument seems misplaced and without merit because the testimony Magee uses in support of this claim is misconstrued. J.M. did not tell Weaver she had never had sex; she was responding to questions about being sexually assaulted. Based upon the record, and given the abuse-of-discretion standard of review, the trial judge did not commit error in admitting the subject testimony. There was no abuse of discretion. The trial judge followed the analysis for such inquiries, and the record supports his decision.

## II.    *Ineffective Assistance of Counsel*

¶16.    The Mississippi Supreme Court has "reiterate[d] that, generally, ineffective assistance of counsel claims are more appropriately brought during post-conviction proceedings."

*Dartez v. State*, 177 So. 3d 420, 422-23 (¶18) (Miss. 2015) (citing *Archer v. State*, 986 So. 2d 951, 955 (¶15) (Miss. 2008)). The supreme court explained that

> [a]n appellate court is limited to the trial-court record in its review of the claim(s), and there may be instances in which insufficient evidence and/or information exists within the record to address the claim adequately. In such a case, the appropriate procedure is to deny relief, preserving the defendant's right to argue the issue through a petition for post-conviction relief (PCR).

*Id*. at 423 (¶18) (citation omitted). However, an ineffective-assistance-of-counsel claim can be addressed on direct appeal when "(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge." *Johnson v. State*, 196 So. 3d 973, 975 (¶7) (Miss. Ct. App. 2015); *see also Read v. State*, 430 So. 2d 832, 841 (Miss. 1983).

¶17.    In the case before us, neither party has stipulated that the record is adequate. We are limited to the trial-court record. As such, we decline to address the merits of this issue because it is better suited for a motion for post-conviction collateral relief.

## CONCLUSION

¶18.    For the reasons discussed above, we affirm the circuit court's denial of Magee's post-trial motion.

¶19.    **AFFIRMED.**

**J. WILSON, P.J., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. BARNES, C.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, P.J., NOT PARTICIPATING.**