928 So.2d 922 (2006)
Ronnie WALLS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01494-COA.
Court of Appeals of Mississippi.
April 25, 2006.
*924 William E. Goodwin, attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before MYERS, P.J., SOUTHWICK and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. Ronnie Walls was convicted of sexual battery in the Circuit Court of Pike County. He was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections and ordered to pay restitution to the victim and court-appointed attorney's fees in the amount of $1,000. Aggrieved by the trial court's ruling, Walls appeals, raising the following eight issues:
I. WHETHER OR NOT IT WAS PLAIN ERROR FOR THE TRIAL COURT TO AMEND THE INDICTMENT WITHOUT NOTICE TO THE DEFENDANT AND WHETHER OR NOT THE DEFENDANT WAS DEPRIVED OF A DEFENSE BY DOING SO.
II. WHETHER OR NOT THE COURT ERRED WHEN IT ALLOWED A LAY PERSON TO GIVE LAY TESTIMONY AS TO AN ISSUE REQUIRING SPECIAL KNOWLEDGE AND TRAINING TO REBUT THE MEDICAL FINDING OF A PHYSICIAN WHO WAS A RULE 702 EXPERT.
III. WHETHER OR NOT THE COURT ERRED BY ALLOWING WITNESSES TO REPEAT STATEMENTS MADE BY A TWELVE YEAR OLD GIRL WITHOUT MAKING AN ON THE RECORD FINDING OF FACT AS REQUIRED BY M.R.E. 803(25) AND IDAHO V. WRIGHT.

IV. WHETHER OR NOT THE COURT ERRED WHEN IT DENIED *925 A MISTRIAL WHEN THE STATE OF MISSISSIPPI WITHHELD UNTIL THE LAST HOUR EVIDENCE WHICH THE COURT FOUND TO BE EXCULPATORY.
V. WHETHER OR NOT THE COURT MISTAKENLY ALLOWED AN OFFICER TO TESTIFY AS TO EVIDENCE OF A STATEMENT MADE BY THE VICTIM TO HER MOTHER AS AN "EXCITED UTTERANCE" PURSUANT TO M.R.E. 803(2).
VI. WHETHER OR NOT THE COURT ERRED IN ACCEPTING KEITH STOVALL AS AN EXPERT WITNESS IN THE FIELD OF "FORENSIC INTERVIEWS" AS THIS FIELD DOES NOT MEET THE M.R.E. 702 STANDARD FOR "EXPERT TESTIMONY"
VII. WHETHER OR NOT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
VIII. WHETHER OR NOT THIS CASE SHOULD BE REVERSED ON THE GROUND OF CUMULATIVE ERROR AS THIS DEFENDANT WAS DENIED A FUNDAMENTALLY FAIR TRIAL.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On September 22, 2003, an eleven-year-old girl (hereinafter referred to as "A.H.") told her mother that her step-father, Ronnie Walls, had sexually molested her. A.H. told Officer Randy Perryman of the details of the incident, which eventually led Perryman to discover DNA evidence which indicated Walls was the offender. On November 6, 2003, Walls was indicted for sexual battery and the case went to trial on July 1, 2004.
¶ 4. Keith Stovall testified at trial as a qualified expert in the field of forensic interviews of sexually abused children. Stovall had previously testified as an expert in Pike and Walthall Circuit Courts as well as in the youth courts of Adams and Walthall Counties. Stovall gave the jury his opinion of A.H.'s responses to interview questions, but was not allowed to give his opinion as to whether her story was credible or not. A.H. testified in detail to the incident along with the emergency room physician, who indicated that A.H. had no observable injury but such was not uncommon. Walls testified in his defense along with Dr. Milton Concannon. Dr. Concannon had not examined A.H., but testified that Walls's genitalia was too large for this incident to have occurred without causing "significant internal damage" to A.H. Dr. Concannon also told the jury that A.H. had an advanced stage of chlamydia, and that had this incident occurred Walls would have been infected. Walls did not test positive two months later; therefore, Dr. Conconnan stated that it was impossible that he had sexual relations with his step-daughter.
¶ 5. Deputy Robert McNabb testified on rebuttal that he had observed Walls being medically examined for his complaint of "genital pain" and observed that Walls's genitals were not as large as Dr. Concannon had indicated. Dr. Brett Tisdale, the emergency room physician who examined A.H., also testified on rebuttal that A.H. did not have advanced chlamydia. A.H. was treated for cervititis, and Dr. Tisdale went further to explain that it was possible to have sexual relations without transmitting the disease. Dr. Tisdale also stated that it would not be possible to medically determine whether or not sexual relations had occurred between Walls and A.H. based solely on the size of Walls's genitalia. After hearing all evidence, the jury found Walls guilty of sexual battery.

*926 I. WHETHER OR NOT IT WAS PLAIN ERROR FOR THE TRIAL COURT TO AMEND THE INDICTMENT WITHOUT NOTICE TO THE DEFENDANT AND WHETHER OR NOT THE DEFENDANT WAS DEPRIVED OF A DEFENSE BY DOING SO.
¶ 6. Walls was indicted on November 6, 2003. In this indictment Walls was charged with having committed sexual battery on or about September 22, 2003. On April 7, 2004, an order was entered amending the indictment from September 22, 2003, to September 13, 2003. Walls argues that it was plain error for him not be given notice of this amendment; however, Walls was given notice. On May 3, 2004, an omnibus hearing was held where both parties agreed to the September 13, 2003, date on the amended indictment. Therefore, this issue is without merit.

II. WHETHER OR NOT THE COURT ERRED WHEN IT ALLOWED A LAY PERSON TO GIVE LAY TESTIMONY AS TO AN ISSUE REQUIRING SPECIAL KNOWLEDGE AND TRAINING TO REBUT THE MEDICAL FINDING OF A PHYSICIAN WHO WAS A RULE 702 EXPERT.
¶ 7. Walls argues that the trial court erred in allowing Officer Robert McNabb to testify as a lay witness regarding his observation of the size of Walls' genitalia as a rebuttal to Dr. Concannon's testimony. Walls' expert, Dr. Concannon, testified that Walls' genitalia was too large to have committed the alleged sexual battery upon A.H. The State first called Dr. Tisdale, the emergency room physician who examined A.H., to rebut Dr. Concannon's testimony. On rebuttal, Dr. Tisdale testified that A.H. had a mild sexually transmitted disease called cervicitis, not advanced chlamydia as Dr. Concannon stated, and that in his opinion A.H. contracted this disease nine days prior to his examination on September 22. Dr. Tisdale went further to say that it would not be uncommon for Walls to have had this disease in September and not have it in November when he was examined. Dr. Tisdale also stated that genitalia size would not determine whether or not penetration occurred.
¶ 8. The State then called Officer McNabb. McNabb had transported Walls from the jail to the hospital on November 5, 2003, after Walls complained of genitalia pain. The trial court allowed McNabb to testify to his personal observation during this exam, in accordance with M.R.E. 701, regarding lay testimony. This issue is without merit.
¶ 9. The standard of review for both the admission or exclusion of evidence in abuse of discretion. Harrison v. McMillan, 828 So.2d 756, 765(¶ 27) (Miss. 2002). Even if this Court finds an erroneous admission or exclusion of evidence, we will not reverse unless the error adversely affects a substantial right of a party. Gibson v. Wright, 870 So.2d 1250, 1258(¶ 28) (Miss.Ct.App.2004).
¶ 10. There is a two-part test to determine the admissibility of lay witness opinion testimony. The information must assist the trier of fact and the opinion must be based upon first hand knowledge. Jones v. State, 678 So.2d 707, 710 (Miss. 1996). A layperson is qualified to give an opinion based upon his first hand knowledge that other lay people do not possess. Wells v. State, 604 So.2d 271, 279 (Miss. 1992). In order to determine if the opinion witness constitutes expert opinion testimony rather than lay testimony is whether that witness possesses some experience or expertise beyond that of an average *927 person. Sample v. State, 643 So.2d 524, 529 (Miss.1994). The State was not asking McNabb to give an opinion that would require any sort of experience or expertise; McNabb was simply asked to testify to his observation of Walls at the hospital. Therefore, this issue is meritless.

III. WHETHER OR NOT THE COURT ERRED BY ALLOWING WITNESSES TO REPEAT STATEMENTS MADE BY A TWELVE YEAR OLD GIRL WITHOUT MAKING AN ON THE RECORD FINDING OF FACT AS REQUIRED BY M.R.E. 803(25) AND IDAHO V. WRIGHT.

¶ 11. Walls argues that it was error by the court to allow Officer Mullins, Officer Perryman and Keith Stovall to testify to what A.H. told them. The State asserts that this issue is without merit, because the trial judge conducted a hearing outside the jury's presence to determine reliability in accordance with M.R.E. 803(25).
¶ 12. The standard of review for both the admission or exclusion of evidence is abuse of discretion. Harrison v. McMillan, 828 So.2d 756, 765(¶ 27) (Miss. 2002). Walls argues that it was error for the court to allow Mullins to testify as to what A.H. told him; however, Walls did not object to this testimony based upon hearsay but objected to based upon precedent. The State withdrew this question but the court still sustained, and Walls did not request the jury be instructed to disregard. "It is a rule in this state that where an objection is sustained, and no request is made that the jury be told to disregard the objectionable matter, there is no error." McGowan v. State, 706 So.2d 231, 243(¶ 46) (Miss.1997); Marks v. State, 532 So.2d 976, 981 (Miss.1988) (citing Simpson v. State, 497 So.2d 424, 431 (Miss.1986)). Therefore, there was no error in Mullins's testimony.
¶ 13. Walls contends that Perryman and Stovall should have been prohibited from testifying regarding A.H.'s statements made to them. Walls relies on Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), in this allegation. However, his reliance is somewhat misplaced. In Wright, the Supreme Court focuses on the confrontation clause which is irrelevant in this case because A.H. did testify. Id. The Supreme Court did set out factors in determining reliability of child's statements which include declarant's mental state and the terminology used to describe the incident. Id. at 806, 110 S.Ct. 3139.
¶ 14. In order for hearsay testimony to be allowed into evidence, the child must be of tender years. M.R.E. 803(25). There is a rebuttable presumption that children under twelve are of tender years. Veasley v. State, 735 So.2d 432, 436(¶ 16) (Miss.1999). The time the statement was made is the relevant time to determine if tender years applies and not the age of the child at the time of the trial. Marshall v. State, 812 So.2d 1068, 1075(¶ 20) (Miss.Ct. App.2001). Since A.H. was eleven years old at the time the statements were made, tender years applies. Once tender years is found applicable, the court must establish reliability. Id. at 436(¶ 21). Factors are set forth in M.R.E. 803(25), but the judge should make an overall determination of the likelihood that these statements are true and make an on the record finding that there is substantial indicia of reliability. Hennington v. State, 702 So.2d 403, 415(¶ 54) (Miss.1997). In this case the judge conducted a hearing outside the jury's presence and followed the proper procedure required by M.R.E. 803(25); *928 therefore, the trial judge did not abuse his discretion in allowing in this testimony.

IV. WHETHER OR NOT THE COURT ERRED WHEN IT DENIED A MISTRIAL WHEN THE STATE OF MISSISSIPPI WITHHELD UNTIL THE LAST HOUR EVIDENCE WHICH THE COURT FOUND TO BE EXCULPATORY.
¶ 15. Walls argues that the State committed a prejudicial discovery violation, and the trial court erred in not granting a mistrial. A.H., in her previous statements, told investigators that she had never had sexual intercourse prior to the incident with Walls. However, the State learned the night before trial that A.H. had sexual relations the summer prior to the incident with Walls. The next day the State disclosed this newly discovered information to Walls and filed a motion in limine to keep this information out of evidence. However, the trial court denied this motion and the evidence was allowed.
¶ 16. This Court is limited in reversing a trial court regarding discovery issues; therefore, we may only reverse if the trial court abused its discretion. Byrom v. State, 863 So.2d 836, 849(¶ 20) (Miss.2003). Justice is better served when each side has reasonable access to all evidence well in advance of trial. Box v. State, 437 So.2d 19, 21 (Miss.1983). Walls relies on Box which states that non-discovered evidence may be admitted if the party against whom the evidence is offered has an opportunity to make adequate accommodation. Id. The court must follow the Box analysis which states that the trial court should give the defendant time to familiarize himself with the evidence and if the defendant still feels he may be prejudiced by the admission, he must request a continuance. Snelson v. State, 704 So.2d 452, 458(¶ 35) (Miss.1997). If the defendant does not request a continuance that issue is waived, but if a continuance is requested the State may choose to proceed without the evidence or the court must grant a continuance. Id. Failure to do this results in prejudicial error requiring reversal and remand. Id.
¶ 17. However, the Box analysis only applies when the evidence withheld is inculpatory. Johnson v. State, 760 So.2d 33, 36(¶ 9) (Miss.Ct.App.2000). The Rape Shield Law protects victims from the defendant putting on evidence regarding their previous sexual conduct in order to attack their credibility. Miss.Code Ann. § 97-3-68 (Rev.2000). In order for this testimony to come into evidence, the defendant must file a motion with the court fifteen days prior to trial or make this motion later even during trial if evidence is newly discovered. M.R.E. 412(c)(1). A hearing is then conducted and the judge decides if the relevant value outweighs the prejudicial effect. M.R.E. 412(c)(3). Since this evidence dealt with A.H.'s truthfulness, the trial court allowed it to come into evidence on cross-examination. This evidence was newly discovered by the State and is exculpatory, not prejudicial to Walls. We, therefore, cannot find any prejudice suffered by Walls.

V. WHETHER OR NOT THE COURT MISTAKENLY ALLOWED AN OFFICER TO TESTIFY AS TO EVIDENCE OF A STATEMENT MADE BY THE VICTIM TO HER MOTHER AS AN "EXCITED UTTERANCE" PURSUANT TO M.R.E. 803(2).
¶ 18. Walls argues that the trial court erred in allowing Mullins to testify to what A.H.'s mother told him. We find this argument interesting since the trial court did not allow this testimony. Walls objected to this testimony, the State withdrew its question and the trial judge sustained that *929 objection. Walls did not ask for a jury instruction or a mistrial. "It is a rule in this state that where an objection is sustained, and no request is made that the jury be told to disregard the objectionable matter, there is no error." McGowan v. State, 706 So.2d 231, 243(¶ 46) (Miss.1997); Marks v. State, 532 So.2d 976, 981 (Miss. 1988) (citing Simpson v. State, 497 So.2d 424, 431 (Miss.1986)). We find this issue meritless.

VI. WHETHER OR NOT THE COURT ERRED IN ACCEPTING KEITH STOVALL AS AN EXPERT WITNESS IN THE FIELD OF "FORENSIC INTERVIEWS" AS THIS FIELD DOES NOT MEET THE M.R.E. 702 STANDARD FOR "EXPERT TESTIMONY"
¶ 19. Walls argues that over his objection at trial, Keith Stovall, a counselor at the Children's Advocacy Center, was allowed to testify as an expert. However, Walls never objected to Stovall as an expert. He objected to Stovall testifying as to the truthfulness of A.H. because this should be determined by the jury. The court ruled that Stovall could not testify as to whether or not A.H. was telling the truth; therefore, Walls's objection was sustained. The court did not allow Stovall to testify to an ultimate conclusion only to what he observed.
¶ 20. To preserve an issue for appeal an objection with specificity must be made at trial or the issue is waived. Oates v. State, 421 So.2d 1025, 1030 (Miss. 1982). Had this issue been preserved to review on appeal, the trial court still would not have erred in admitting Stovall as an expert witness. The standard of review in a trial judge's decision regarding whether an expert is qualified is abuse of discretion. Triplett v. State, 814 So.2d 158, 162(¶ 22) (Miss.Ct.App.2002). Although Walls never questioned Stovall's credentials at trial, the trial judge held a hearing and appropriately ruled Stovall as an expert forensic interviewer in accordance with M.R.E. 702. We, therefore, find this issue to have no merit.

VII. WHETHER OR NOT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
¶ 21. The jury is to resolve all matters dealing with the weight of the evidence. Sheffield v. State, 749 So.2d 123, 125(¶ 9) (Miss.1999). This Court may only reverse if after hearing all the evidence a reasonable minded juror would not have found the accused guilty. Id. The Mississippi Supreme Court has ruled that the word of the victim of a sex crime, even if unsupported, is sufficient to support a guilty verdict. Goodnite v. State, 799 So.2d 64, 66(¶ 13) (Miss.2001). In this case, not only did the jury have the word of the victim but physical evidence and other testimony was presented to corroborate her story. It is enough that conflicting evidence is presented for the jury to resolve the factual dispute. Sheffield, 749 at 128(¶ 19). We, therefore, find this issue meritless.

VIII. WHETHER OR NOT THIS CASE SHOULD BE REVERSED ON THE GROUND OF CUMULATIVE ERROR AS THIS DEFENDANT WAS DENIED A FUNDAMENTALLY FAIR TRIAL.
¶ 22. Walls argues that the cumulative effect of the trial court's errors denied him a fair trial. We have found no errors in this case. Where there is no reversible error on appeal, the case cannot be reversed as a whole. Byrom v. State, 863 So.2d 836, 847(¶ 12) (Miss.2003). *930 Walls has not shown any actual error by the trial court; therefore, there was no cumulative effect and no adverse impact upon Walls constitutional right to a fair trial. This argument is without merit.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY RESTITUTION TO THE VICTIM AND COURT APPOINTED ATTORNEY FEES IN THE AMOUNT OF $1,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.