940 So.2d 954 (2006)
Phillip Matthew KLAUK, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-02434-COA.
Court of Appeals of Mississippi.
October 24, 2006.
Jonathan Michael Farris, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., CHANDLER and ROBERTS, JJ.
ROBERTS, J., for the COURT.
¶ 1. While living with his sister's family, Phillip Matthew Klauk, who was born on February 19, 1973, touched his ten year old niece, Sara[1], for lustful purposes. After *955 Sara's mother, Jennifer, failed to contact the proper authorities, Nikki, Sara's stepsister, contacted the Department of Human Services and Sara was temporarily removed from her mother and stepfather's care. They, along with Klauk, were questioned as to the accusations made and Klauk was subsequently arrested. A trial was held on June 23, 2004, in which Klauk was found guilty of three counts of touching of a child for lustful purposes. He now appeals raising no issues.

PROCEDURAL HISTORY
¶ 2. Klauk was indicted on February 2, 2004, on three counts of touching of a child for lustful purposes, pursuant to Mississippi Code Annotated § 97-5-23(1). Following the indictment, Klauk's attorney, Assistant Public Defender Jonathan M. Farris, filed several pre-trial motions to suppress, one of which was a motion to exclude hearsay statements of Sara. The Circuit Court of Forrest County heard arguments concerning Klauk's pre-trial motions on June 17, 2004, which was followed by Klauk's trial on the merits of the State's case on June 23, 2004. A jury of Klauk's peers, after hearing the testimony and other evidence presented by the prosecution, found Klauk guilty of three counts of touching of a child for lustful purposes. Immediately following the jury's verdict, the Circuit Court of Forrest County, Judge Robert Helfrich presiding, sentenced Klauk to fifteen years in the custody of the Mississippi Department of Corrections for each count, each sentence to be imposed consecutively, for a combined sentence of forty-five years. Klauk then filed, through Mr. Farris, his motion for judgment notwithstanding the verdict or, in the alternative, motion for a new trial, which was subsequently denied. Possibly aggrieved by this, Klauk appeals and raises no issues. In accordance with Lindsey v. State, 939 So.2d 743 (Miss.2005), Klauk's attorney filed his brief stating that after complying with the directives of Lindsey no arguable issues could be found. Klauk did not file a pro se brief.

FACTS
¶ 3. Prior to February of 2003 Jennifer was living in Prentiss, Mississippi with her family, to include Sara. Jennifer's father lived across the street from her, and Klauk was living with him at the time. Sara testified that, while she was living in Prentiss, Klauk touched her in a "bad way" on more than one occasion. In February of 2003, for unrelated reasons, Sara and her family moved to Petal, Mississippi. So he could help with the household bills, Klauk was allowed to accompany the family. Then, in March 2003, May 2003, and July 2003 Klauk again touched Sara in a "bad way" between her legs. During this period of time, Sara would often become depressed, have nightmares regularly, and spend as much time away from home, and Klauk, as possible. Jennifer never contacted the police or sought medical attention for her daughter.
¶ 4. In September of 2003 Nikki, after speaking with her father and Sara, contacted DHS in the hopes of having Sara removed from Jennifer's household and placed with her. On September 23, 2003, Officer Matthew Hiatt of the Petal Police Department along with case workers from DHS came to Jennifer's home. After DHS removed Sara and her brother from the home, Hiatt arrested Klauk after he became suspicious following statements he overheard while Klauk was speaking to DHS officials. When asked by DHS officials if he knew why they were there, Klauk responded in the affirmative and *956 that he needed to get out of Mississippi. Subsequent to Klauk's arrest, Hiatt asked Jennifer and her husband to follow them to the police station for questioning. The trio arrived at the police department at approximately 5:30 p.m. and Hiatt conducted separate interviews with each of them, beginning with Sara, and followed by her husband. At approximately 8:30 p.m. Hiatt read Kaulk his Miranda rights and received a signed waiver from Klauk. Hiatt, along with Chaplain Jimmy Garrand, who was also a police officer, and CSI Charles Suggs questioned Klauk until 10:00 p.m. when Klauk decided to give them a statement. According to the recorded statement, Klauk confessed to touching Sara two times in Prentiss, but only once in Petal. Additional facts will be disclosed below, as needed.

ANALYSIS
¶ 5. As mentioned above, Klauk's attorney filed a brief on Klauk's behalf complying with the mandate of Lindsey. Within the brief Mr. Farris indicated that he informed Klauk that he could identify no arguable issues, provided Klauk with a copy of the brief stating as such, and advised Klauk of his right to file a pro se brief on his own behalf. Lindsey additionally directs this Court to review the record and, if the circumstances warrant, require Klauk's attorney to brief any arguable issues we discover. Lindsey, 939 So.2d 743. After a thorough review of the record, we find that one issue does deserve discussion, but additional briefing is not required. The issue is, whether the trial court erred in admitting hearsay testimony under the tender years exception, pursuant to Mississippi Rule of Evidence 803(25), without first "[finding], in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide a substantial indicia of reliability."
¶ 6. For the tender years exception to apply, the child must be of tender years. M.R.E. 803(25). There is a rebuttable presumption that children under twelve years of age are within their tender years. Veasley v. State, 735 So.2d 432(¶ 16) (Miss.1999). The child's age at the time of the statement, rather than her age at trial, is the relevant age used to determine if the tender years exception applies. Walls v. State, 928 So.2d 922(¶ 14) (Miss.Ct.App.2006). The record is clear that at the time of Sara's statements she was under the age of twelve, so she was within the age limit of the presumption. Once this has been found, the trial court must establish the reliability of the child's statements. Id. While the notes to Mississippi Rule of Evidence 803(25) set out several factors, "the judge should make an overall determination of the likelihood that these statements are true and make an on the record finding that there is substantial indicia of reliability." Id. (citing Hennington v. State, 702 So.2d 403(¶ 54) (Miss.1997)). Specifically, before admitting hearsay testimony, the trial court must rule on the factors detailed in Rule 803(25)(a) and (b). Veasley, 735 So.2d at (¶ 16). The record indicates that Jennifer and Nikki were allowed to testify, under the tender years exception, that Sara told them Klauk had touched her on several occasions. What is lacking from the record is a determination by the trial judge that those statements provide a substantial indicia of reliability. Accordingly, we find that the trial court erred in admitting this evidence without first making the required on the record factual determination that Sara's statements contained substantial indicia of reliability.
¶ 7. Having determined that error occurred, we must now address whether such error compels reversal. In order to *957 make that determination we must decide "whether the weight of the evidence against Klauk is sufficient to outweigh the harm done by allowing admission of [the] evidence." Veasley, 735 So.2d at (¶ 17) (quoting Fuselier v. State 702 So.2d 388, 391 (Miss.1997)). In order to accomplish this, it is necessary to detail those statements which Klauk objected to as being hearsay. Jennifer was first asked when Sara came to her to complain about what Klauk was doing. She responded that Sara came to her in March 2003, May 2003, and July 2003. Although Klauk objected to this questioning, Jennifer's answer was not hearsay as it was not an out-of-court statement, but facts from her personal knowledge regarding when she was told of Klauk's actions. Jennifer was next asked to detail Sara's complaints, which she did. As Rule 803(25) of the Mississippi Rules of Evidence does not apply to these statements for those reasons explained above, this testimony was hearsay without an applicable exception and, as such, must be excluded. Next, Jennifer was asked about complaints Sara voiced while living in Petal. These statements were also hearsay without an exception, and should have been excluded. Lastly, Klauk objected when Nikki testified as to what Sara told her regarding where Klauk touched her. Again, this was inadmissable hearsay. We feel it should be stressed that Sara's statements to Jennifer and Nikki, identified as hearsay without an exception above, would had been admissible hearsay had the lower court complied with the requirements of the tender years exception and made an on-the-record determination that her statements contained substantial indicia of reliability.
¶ 8. Excluding the testimony of Jennifer and Nikki detailed above, we find the jury was still left with more than sufficient evidence to find Klauk guilty beyond a reasonable doubt. Specifically, Sara testified that Klauk touched her between her legs, both on the outside and inside of her clothing, on two occasions in Prentiss and on three occasions in Petal, detailing the place and circumstances of the incidents.
Our case law clearly holds that the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized. The victim's physical and mental condition after the incident, as well as the fact that the incident was immediately reported is recognized as corroborating evidence.
Ladnier v. State, 878 So.2d 926(¶ 14) (Miss.2004). Klauk never took the stand to contradict these in-court statements, as was his right, nor did he cross-examine Sara when given the opportunity. Additionally, Sara reported these incidents to her mother soon after they occurred, and Jennifer testified that Sara was generally depressed and withdrawn after Klauk's improper acts. Finally, the jury heard Klauk's recorded confession. Therefore, given the evidence properly admitted to the jury, we find the lower court's error in admitting the above hearsay statements was harmless.
¶ 9. For these reasons, we affirm.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY OF CONVICTION OF COUNT I TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FIFTEEN YEARS; COUNT II TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FIFTEEN YEARS TO RUN CONSECUTIVELY TO SENTENCE IN COUNT I; AND COUNT III TOUCHING A CHILD *958 FOR LUSTFUL PURPOSES AND SENTENCE OF FIFTEEN YEARS TO RUN CONSECUTIVELY TO SENTENCES IN COUNTS I AND II, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Due to the sensitive nature of this case, we have assigned pseudonyms to the parties involved, save the appellant.