IRVING, P.J.,
 

 for the Court:
 

 ¶ 1. On February 23, 2010, William Eugene Little was convicted of child molestation. The Warren County Circuit Court sentenced Little to fifteen years in the custody of the Mississippi Department of Corrections, with ten years to serve, five years suspended, and five years of post-release supervision. On April 19, 2010, Little filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which the circuit court denied. Feeling aggrieved, Little appeals and argues that the circuit court erred in admitting hearsay statements made by the victim during the course of a forensic interview.
 

 ¶ 2. Finding no error, we affirm.
 

 FACTS
 

 ¶ 3. Melissa
 
 [1]
 
 lived at the Ameristar Trailer Park in Vicksburg, Mississippi,
 
 *559
 
 with her mother, Ann; her half brother, Ben; and her grandfather, Little.
 
 [2]
 
 During the summer of 2006, Melissa went to visit her father, Jim, in Meridian, Mississippi. During the visit, Melissa revealed that Little had sexually abused her.
 
 [3]
 
 Jim took Melissa to Rush Foundation Hospital where she was examined by Dr. James Nanny. Dr. Nanny testified that he found evidence of anal trauma that was consistent with sexual abuse.
 

 ¶ 4. At trial, Melissa testified that: Little made her perform oral sex on him; he attempted to insert his penis into her anus; and he touched her breasts, vagina, and bottom. Little testified that he had never touched Melissa inappropriately.
 

 ¶ 5. Jennifer Smith, an employee at the Mississippi Child Advocacy Center in Jackson, Mississippi, conducted a forensic interview with Melissa on October 18, 2007. At the time of the interview, Melissa was eleven years old. According to Smith’s testimony, the Hinds County Sheriffs Department had referred Melissa to the Center based on allegations that Little had sexually abused Melissa in Hinds County.
 
 [4]
 
 However, during the course of the interview, Melissa revealed that Little had also sexually abused her in Warren County.
 

 ¶ 6. The State sought to introduce Melissa’s videotaped interview with Smith into evidence under the tender-years exception to the hearsay rule. Little objected, but the circuit court found, after examining Smith outside of the jury’s presence, that Melissa’s statements in the videotape contained substantial indicia of reliability and were admissible.
 

 ¶ 7. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 8. Little argues that the circuit court erred in admitting the hearsay statements made by Melissa during the course of the forensic interview. The standard of review applied to a circuit court’s decision to admit or deny evidence is abuse of discretion.
 
 Osborne v. State,
 
 54 So.3d 841, 845 (¶ 12) (Miss.2011). The circuit court’s discretion is limited by the rules of evidence.
 
 Austin v. State,
 
 784 So.2d 186, 193 (¶ 23) (Miss.2001). Errors in the admission or exclusion of evidence do not warrant reversal unless they adversely affect a substantial right of a party.
 
 Osborne,
 
 54 So.3d at 845 (¶ 12).
 

 ¶ 9. Mississippi Rule of Evidence 803(25) provides:
 

 A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a wit
 
 *560
 
 ness, such statement may be admitted only if there is corroborative evidence of the act.
 

 ¶ 10. “For the tender[-]years exception to apply, the child must be of tender years.”
 
 Klauk v. State,
 
 940 So.2d 954, 956 (¶ 6) (Miss.Ct.App.2006) (citing M.R.E. 803(25)). In determining whether a child is of tender years, the circuit court “should consider the age of the child at the time the statement was made, not the age of the child at the time of the trial.”
 
 Elkins v. State,
 
 918 So.2d 828, 833 (¶.15) (Miss.Ct.App.2005) (citing
 
 McGowan v. State,
 
 742 So.2d 1183, 1187 (¶ 18) (Miss.Ct.App.1999)). “[T]here is a rebuttable presumption that a child under the age of twelve is of tender years.”
 
 Veasley v. State,
 
 735 So.2d 432, 436 (¶ 16) (Miss.1999).
 

 ¶ 11. Once the circuit court determines that a child is of tender years, it “must establish the reliability of the child’s statements.”
 
 Klauk,
 
 940 So.2d at 956 (¶ 6). The comment accompanying Rule 803(25) lists several factors that the circuit court should consider in determining whether the child’s statements are reliable:
 

 (1) whether there is an apparent motive on declarant’s part to lie;
 

 (2) the general character of the declar-ant;
 

 (3) whether more than one person heard the statements;
 

 (4) whether the statements were made spontaneously;
 

 (5) the timing of the declarations;
 

 (6) the relationship between the declar-ant and the witness;
 

 (7) the possibility of the declarant’s faulty recollection is remote;
 

 (8) certainty that the statements were made;
 

 (9) the credibility of the person testifying about the statements;
 

 (10) the age or maturity of the declar-ant;
 

 (11) whether suggestive techniques were used in eliciting the statement; and
 

 (12) whether the declarant’s age, knowledge, and experience make it unlikely that the declarant fabricated.
 

 The comment further states that “[a] finding that there is a substantial indicia of reliability should be made on the record.” M.R.E. 803(25) cmt.
 

 ¶ 12. This Court has previously held that failure to make an on-the-record finding regarding the reliability of hearsay statements admitted under the tender-years exception constitutes error.
 
 Klauk,
 
 940 So.2d at 956 (¶ 6). However, the circuit court is not required to make “point-by-point findings on the twelve reliability factors” where there is sufficient evidence that the child’s statements possess substantial indicia of reliability.
 
 Elkins,
 
 918 So.2d at 834 (¶ 18).
 

 ¶ 13. Little contends that because none of the twelve reliability factors were discussed at length, the circuit court’s analysis under the tender-years exception was improper. However, the record belies this contention. The circuit court questioned Smith extensively outside the presence of the jury regarding her interview of Melissa. The circuit court determined that Melissa was eleven years old at the time of the interview and, thus, of tender years under
 
 Veasley.
 
 The circuit court also inquired about Smith’s experience and training as a forensic interviewer, the interview techniques she used, and whether Melissa’s statements appeared to have been coached. Smith testified that she was a licensed social worker and had received forty hours of specialized training in forensic interviewing. Smith testified that she had performed seventy-four forensic interviews of children prior to her inter
 
 *561
 
 view of Melissa. Additionally, she testified that she had utilized a nationally recognized protocol when conducting the interview that employed non-leading and non-suggestive questions. Finally, Smith testified that she had no reason to believe, based on her interview of Melissa, that Melissa had been coached.
 

 ¶ 14. The circuit court also considered the timing of Melissa’s declarations in relation to when the acts of sexual abuse happened and whether the statements were spontaneous. As to spontaneity, the circuit court found that Melissa’s statements made during the forensic interview were spontaneous because she disclosed the abuse that occurred in Warren County while being questioned about events that occurred in Hinds County. We disagree with the circuit court’s findings that Melissa’s statements were spontaneous. While the forensic interview with Smith was prompted by Melissa’s allegations of abuse that occurred in Hinds County, Melissa’s disclosure of the abuse that occurred in Warren County was in response to questioning by Smith. However, lack of spontaneity, in and of itself, does not cast doubt on the reliability of Melissa’s statements made during the forensic interview.
 
 See Pryer v. State,
 
 958 So.2d 818, 822 (¶ 8) (Miss.Ct.App.2007) (holding that although the victim’s statements were not spontaneous, the circuit court properly admitted the statements under the tender-years exception given its consideration of other reliability factors). Although the circuit court incorrectly found that Melissa’s statements were spontaneous, its consideration of other factors supported its finding that Melissa’s statements were reliable. Therefore, the circuit court did not err in admitting Melissa’s statements made during the forensic interview.
 

 ¶ 15. Based on the record, we hold that the circuit court made an appropriate on-the-record finding regarding the reliability of Melissa’s statements made during the forensic interview and correctly found that her statements were reliable. Furthermore, Melissa testified at trial. Consequently, the circuit court did not err in admitting her statements under the tender-years exception. This issue is without merit.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY OF CONVICTION OF MOLESTATION AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TEN YEARS TO SERVE, FIVE YEARS SUSPENDED, AND FIVE YEARS OF POST-RELEASE SUPERVISION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
 

 LEE, C.J., GRIFFIS, P.J„ MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.
 

 [1]
 

 . To protect the privacy of the minor victim and her family, the names of the victim and her relatives have been changed.
 

 [2]
 

 . At trial, it was revealed that Little was Ann’s ex-father-in-law. After Ann and Little’s son divorced, Ann began a six-year relationship with Little that resulted in the birth of Ben.
 

 [3]
 

 . At the time, Melissa was nine years old.
 

 [4]
 

 . In October 2006, Little moved to Hinds County.