GRIFFIS, P.J.,
for the Court:
¶ 1. Curtis C. Lambert was convicted of touching a child for lustful purposes under Mississippi Code Annotated section 97-5-23(1) (Rev.2006). He was sentenced to fifteen years, with- five years suspended and ten years to serve in the custody of the Mississippi Department of Corrections. He now appeals the judgment of the Lincoln County Circuit Court, raising the following issues: (1) whether prejudicial cumulative hearsay was improperly admitted, and (2) whether the verdict was contrary to the sufficiency and overwhelming weight of the evidence. We find no error and affirm.
FACTS
¶ 2. On or about July 7, 2010, twelve-year-old Sarah told her mother, Mary,[1] that Lambert, Mary’s cousin, had touched her on her private parts at Sarah’s maternal grandparents’ house. Sarah told Mary that while in the living room of her grandparents’ home, Lambert pulled Sarah onto his lap and slid his hand down the back of her shorts and touched her genitals. Sa *1174 rah was unable to remember the exact date on which the incident occurred. Mary estimated that the event occurred roughly eight months prior, when Sarah was eleven years old. Two weeks later, on July 21, 2010, Mary confronted Lambert about the allegation and hit him repeatedly with a stick. That same day, Mary filed a report with the Lincoln County Sheriffs Department. On July 22, 2010, Lambert filed an assault affidavit against Mary. Mary was ultimately prosecuted and fined for simple assault.
¶ 3. Mary claimed the reason for her delay in reporting the incident to authorities was because Sarah was embarrassed and did not want anyone else to know what happened to her. After notifying the sheriffs department, Mary reported the incident to the Mississippi Department of Human Services (DHS). DHS authorities sent Mary to the Child Advocacy Center (CAC) in McComb, Mississippi, to have Sarah interviewed by a specialist. Sarah was interviewed by Carol Clark, a forensic interviewer for CAC. During the interview, Sarah told Clark that Lambert touched her “between her legs.” Using anatomical drawings, Clark asked Sarah to identify the body part that Lambert touched. Based on the interview, and the use of the anatomical dolls and drawings, Clark concluded that Sarah’s behavior was consistent with that of a child who had been sexually abused.
ANALYSIS

1. Whether the circuit court erred in admitting the videotape of the interview into evidence.

¶ 4. The standard of review for the admission or suppression of evidence is an abuse of discretion. Vaughn v. State, 972 So.2d 56, 59 (¶ 10) (Miss.Ct.App.2008) (citations omitted). The admission or exclusion of evidence is within the sound discretion of the trial judge, and this Court will not reverse “absent an abuse of that discretion.” Farris v. State, 764 So.2d 411, 428 (¶ 57) (Miss.2000) (citations omitted).
¶ 5. During trial, defense counsel objected to the admission of a videotape of Sarah’s CAC interview with Clark on the grounds of cumulative hearsay. The trial court overruled the objection pursuant to the tender-years exception under Mississippi Rule of Evidence 803(25). The tender-years exception provides that:
“A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.”
M.R.E. 803(25). “For the tender-years exception to apply, the child must be of tender years.” Little v. State, 72 So.3d 557, 560 (¶ 10) (Miss.Ct.App.2011) (quoting Klauk v. State, 940 So.2d 954, 956 (¶6) (Miss.Ct.App.2006)).
¶ 6. The relevant age is the age of the child at the time the statement was made, not the time of trial. Id. “There is a rebuttable presumption that a child under the age of twelve is of tender years.” Id. “Once the circuit court determines that a child is of tender years, it ‘must establish the reliability of the child’s statements.’ ” Id. at 560 (¶ 11) (quoting Klauk, 940 So.2d at 956 (¶ 6)). The comment to Rule 803(25) lists several factors to determine whether there are sufficient indicia of reli *1175 ability in the statements being offered. These factors include:
(1) whether there is an apparent motive on the declarant’s part to lie; (2) the general character of the declarant; (3) whether more than one person heard the statements; (4) whether the statements were made spontaneously; (5) the timing of the declarations; (6) the relationship between the declarant and the witness; (7) the possibility of the declar-ant’s faulty recollection is remote; (8) certainty that the statements were made; (9) the credibility of the person testifying about the statements; (10) the age or maturity of the declarant; (11) whether suggestive techniques were used in eliciting the statement; and (12) whether the declarant’s age, knowledge, and experience make it unlikely that the declarant fabricated.
M.R.E. 803(25) cmt. (quoting Smith v. State, 925 So.2d 825, 837 (¶ 29) (Miss.2006)).
¶ 7. Lambert contends the tender-years exception was improperly applied because there was an insufficient showing of reliability. He argues that the trial court failed to make an on-the-record finding of reliability based on the reliability factors listed under Rule 803(25). Specifically, he argues the delay of Sarah’s disclosure of the incident and the delay of Mary reporting the incident both indicate a lack of reliability in Sarah’s statements.
¶ 8. These factors are not exhaustive, and “[t]he circuit court is not required to make point-by-point findings on the twelve reliability factors where there is sufficient evidence that the child’s statements possess ... substantial indicia of reliability. ” Little, 72 So.3d at 560 (¶ 12) (citing Elkins v. State, 918 So.2d 828, 834 (¶ 18) (Miss.Ct.App.2005)). During trial, Sarah testified that while at her grandparents’ house, Lambert touched her “between [her] legs.” Sarah stated that when she walked past the couch in the living room where Lambert was sitting, he pulled her down on his lap, put his hand down the back of her pants, and touched her “on [her] skin.” She stated that when she tried to get up, Lambert pulled her back down and kept his hand on her private area.
¶ 9. During Sarah’s CAC interview with Clark, Sarah was asked open-ended questions about the incident. Sarah told Clark that Lambert had touched her “between [her] legs,” using anatomical dolls and drawings to point out the body part that she was referencing. During trial, Clark testified that she had conducted over three hundred forensic interviews of sexually and physically abused children. Clark stated that during the interview, she paid close attention to Sarah’s verbal and nonverbal actions, as well as looked for signs of coaching. Clark testified that based on her interaction with Sarah, Sarah’s behavior was consistent with that of a child who had been sexually abused. Clark also testified that it was common for sexually abused children to either not disclose the acts of the abuse or delay disclosure for a significant length of time.
¶ 10. Based on these facts, there was sufficient evidence presented during trial to show substantial indicia of reliability in Sarah’s statements during the CAC interview. The trial court did not need to make an on-the-record finding with regard to each of the twelve factors listed under the comment to Rule 803(25). As such, the tender-years exception was applicable, and the trial court did not abuse its discretion in admitting the videotape of the interview into evidence. We find this issue has no merit.
¶ 11. Lambert also argues the videotape of Sarah’s CAC interview consti *1176 tuted cumulative evidence since Sarah testified at trial. He contends the jury did not need to hear repeated accounts on the videotape. He further contends the probative value of the interview was outweighed by the danger of unfair prejudice under Mississippi Rule of Evidence 403. “A trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence.” Edwards v. State, 737 So.2d 275, 302 (¶ 67) (Miss.1999). “Unless this Court finds the judge abused this discretion so as to be prejudicial to the accused, it will not reverse this ruling.” Id. Since we have found the trial court did not abuse its discretion in admitting the videotape of the interview into evidence, we must look to whether Lambert was unfairly prejudiced by its admission.
¶ 12. While the videotape of the interview may have been cumulative in nature, Sarah’s testimony, as well as Clark’s testimony, corroborated the contents of the interview on the videotape. Even if the videotape was excluded, the jury would have still heard the statements on the videotape from oral testimony. This Court has held “[wjhere corroborative evidence exists and the hearsay evidence is merely cumulative, the admission may be held to be harmless.” Young v. State, 679 So.2d 198, 203 (Miss.1996) (citing Jones v. State, 606 So.2d 1051, 1057 (Miss.1992)). Therefore, any error in admitting cumulative evidence was harmless.

2. Whether the verdict was contrary to the sufficiency and weight of the evidence.

A. Sufficiency of Evidence

¶ 13. Lambert challenges the sufficiency of the evidence arguing the State failed to prove the elements of gratification of lust under section 97-5-23(1). Specifically, he claims the State failed to prove the element of lustful intent or “depraved licentious desires,” and the trial court should have granted his motion for directed verdict.
¶ 14. The standard of review for sufficiency of evidence is “after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005).
¶ 15. The elements of touching a child for lustful purposes include:
(1) Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle touch, or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child’s consent, ... shall be guilty of a felony and, upon conviction thereof, shall be fined in a sum not less than One Thousand Dollars ($1, 000) nor more than Five Thousand Dollars ($5,000), or be committed to the custody of the State Department of Corrections ... or be punished by both such fine and imprisonment, at the discretion of the court.
Miss.Code Ann. § 97-5-23(1). Lambert argues that because the incident occurred in a small house full of people, and Sarah testified that he did not touch himself, there is a lack of lustful intent.
¶ 16. This Court has held that “[t]he unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime.” Byars v. State, 835 So.2d 965, 970 (¶ 14) (Miss.Ct.App.2003) (citation *1177 omitted). After an examination with child-abuse forensic expert Clark, it was determined that Sarah’s behavior was consistent with that of a child who had been sexually abused. During trial, Lambert did not deny touching Sarah’s private area. He stated that he was playfully tickling her on her thighs and his hand “may have” accidently touched her private area. Lambert even admits in his brief that there is very little material conflict in the evidence, rather a “conflict of interpretation.”
¶ 17. The jury is permitted to draw “any reasonable inferences from all the evidence presented in the case.” Wright v. State, 9 So.3d 447, 453 (¶ 20) (Miss.Ct.App.2009). “If intent required definite and substantive proof, it would be almost impossible to convict, absent facts disclosing a culmination of intent.” Id. at 453 (¶ 20) (quoting Newburn v. State, 205 So.2d 260, 265 (Miss.1967)). Sarah testified that Lambert put his hand down the back of her shorts and touched her private area “on [her] skin.” She testified that when she tried to get up, Lambert pulled her down and kept his hand on her private area. A reasonable jury could infer that the only purpose of Lambert touching Sarah’s genitals was to satisfy his lustful desires.
¶ 18. After reviewing all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that by touching Sarah on her genitals, Lambert possessed a lustful intent. We find this issue has no merit.

B. Weight of the Evidence

¶ 19. Lambert argues the jury verdict was contrary to the overwhelming weight of the evidence. He claims the evidence does not support a guilty verdict because (1) the events occurred in close proximity to other persons in the living room; (2) he went to the Lincoln County Sheriffs Department and filed an affidavit against Mary; and (3) the significant passage of time that passed before Sarah disclosed the incident. This Court will only disturb a jury verdict “when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Forrest v. State, 57 So.3d 36, 38 (¶ 9) (Miss.Ct.App.2011) (quoting Bush, 895 So.2d at 844 (¶ 18)). “[T]he evidence should be weighed in the light most favorable to the verdict.” Id. A new trial should only be granted in “exceptional cases in which the evidence preponderates heavily against the verdict.” Id. at 39 (¶ 9) (quoting Bush, 895 So.2d at 844 (¶ 18)).
¶ 20. As previously stated, sufficient evidence existed to prove each element of the crime charged. Reviewing the evidence in the light most favorable to the verdict, we cannot say that allowing the verdict to stand would sanction an unconscionable injustice. We find this issue is without merit.
¶ 21. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FIFTEEN YEARS, WITH FIVE YEARS SUSPENDED AND TEN YEARS TO SERVE, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR. RUSSELL, J„ CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. We use fictitious names for the minor and her mother to protect the identity of the minor victim.