# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-01672-COA

**DARNELL DONTE MARION A/K/A DARNELL D. MARION A/K/A DARNELL MARION**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/14/2017 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | ANTHONY N. LAWRENCE III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 03/12/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., GREENLEE AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Darnell Donte Marion was convicted in the Jackson County Circuit Court of one count of touching M.B.[1] for lustful purposes in violation of Mississippi Code Annotated section 97-5-23(1) (Rev. 2006). Marion was sentenced to fifteen years in the custody of the Mississippi Department of Corrections, with six years to serve without parole, and the remainder on postrelease supervision.[2] Marion filed a motion for a judgment notwithstanding the verdict

---

[1] We will use initials to protect the minor child's identity.

[2] Marion will also be required to register as a sex offender upon his release.

(JNOV motion), or in the alternative, for a new trial. However, the circuit court denied Marion's motion, and he appeals. After review of the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2013, Marion was evicted from his apartment in Pascagoula, Mississippi. Mariah H. offered to let Marion stay with her until he worked out other living arrangements. Mariah shared an apartment with her three children and her friend, Angelique. Mariah's younger sister, M.B., sometimes stayed at the apartment as well and slept in the room with Mariah's children. At that time, M.B. was seven years old.

¶3.     Mariah testified that Angelique informed her that she had gone through Marion's phone and discovered a number of photographs and videos of M.B. Mariah and her boyfriend at the time woke Marion to confront him about the images. Marion denied having any photos or video; however, Marion later admits to deleting the video. Subsequently, Angelique called the police, and Marion was apprehended a short time later walking down the street.

¶4.     Officer Ryan Morris testified that he had been alerted that Marion's cell phone may have contained photographs and other evidence, so he seized the phone. Detective Kimberly Stevens arrived and collected Marion's cell phone.

¶5.     Mariah called M.B.'s mother, Tammy, who checked M.B. out of school to bring her to Mariah's apartment to speak with the police. M.B. informed Tammy that Marion had been asking whether he could be her boyfriend. M.B. also told Tammy that Marion "hunched"[3]

---

[3] M.B. explained that the words "hunched" and "humped" meant that Marion put his genitals on her backside and started to move.

her when he slipped into bed with her one night.  M.B. was later interviewed by Stephanie McGrew at the Child Advocacy Center.  McGrew testified that M.B. informed her that Marion tried to kiss her and "humped" her while in the bed.  M.B. testified that Marion tried to remove his clothing; however, M.B. said she would tell, and Marion got up and lay on the floor.  M.B. testified that she tried to tell Mariah what happened shortly after the incident but Mariah did not wake up.

¶6.     Marion was arrested and denied being in bed with M.B.  But, later in the recorded interview, Marion stated that he may have been in the bed with M.B.; however, the "hunching" motion was actually him rocking himself to sleep because he had gone out drinking earlier in the night.  Marion also stated to police that he must have accidentally recorded M.B. as he was cleaning the bedroom earlier that morning.

¶7.     After a jury trial, Marion was convicted of one count of touching M.B. for lustful purposes and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections, with six years to serve without parole, and the remainder on postrelease supervision.  Marion filed a JNOV motion, or in the alternative, for a new trial, which the trial court denied.  Marion appeals.

## DISCUSSION

### I.      The trial court did not err in admitting M.B.'s testimony under the tender-years Exception.

¶8.     The Mississippi Supreme Court has held that "[the reviewing court] employs an abuse-of-discretion standard when reviewing claims that the trial judge erred by admitting hearsay." *White v. State*, 48 So. 3d 454, 456 (¶9) (Miss. 2010) (citation omitted).

¶9.   Under the then-applicable Mississippi Rule of Evidence 803(25),

> A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

*Williams v. State*, 35 So. 3d 480, 488 (¶29) (Miss. 2010).

¶10.   "The comment to th[at] rule contains a nonexhaustive list of twelve factors that the trial judge should consider when determining whether there are sufficient indicia of reliability." *Id*. These factors are as follows:

> (1) whether there is an apparent motive on declarant's part to lie; (2) the general character of the declarant; (3) whether more than one person heard the statements; (4) whether the statements were made spontaneously; (5) the timing of the declarations; (6) the relationship between the declarant and the witness; (7) the possibility of the declarant's faulty recollection is remote; (8) certainty that the statements were made; (9) the credibility of the person testifying about the statements; (10) the age or maturity of the declarant; (11) whether suggestive techniques were used in eliciting the statement; and (12) whether the declarant's age, knowledge, and experience make it unlikely that the declarant fabricated.

*Id*. at 488-89 (¶29); *see also* M.R.E. 803(25) advisory committee's note.

¶11.   Marion maintains that the trial court did not make an on-the-record finding that M.B. was of tender years or that her statements disclosing the abuse were credible and provided substantial indicia of reliability. The record shows that the trial court conducted a hearing to consider whether M.B. was a child of tender years. Mariah and M.B.'s mother testified during the hearing, and the trial court watched the video of M.B.'s forensic interview.

4

¶12. The record shows that both the State and Marion stipulated that M.B. was a child of tender years. Although the record shows that the trial court did not issue an "on-the-record" ruling at the hearing, it reveals that the trial court issued an order on June 16, 2017, finding that M.B. was seven years old at the time she disclosed the alleged sexual abuse to her mother, sister, and forensic interviewer. Also in that order, the trial court found that the time, content, and circumstances of M.B.'s statement provided a substantial indicia of reliability, and that M.B. was presumed to be of tender years given her age at the time of disclosure and that the presumption had not been rebutted. Marion's trial began more than a month later on August 14, 2017.

¶13. Traditionally, our Mississippi Supreme Court and this Court have applied a harmless-error analysis when it has been determined that the trial court failed to conduct an "on-the-record" analysis finding of indicia of reliability. *See Veasley v. State*, 735 So. 2d 432, 437 (¶¶16-17) (Miss. 1999); *Klauk v. State*, 940 So. 2d 954, 957 (¶7) (Miss. Ct. App. 2006). Under the harmless-error test, "this Court must determine whether the weight of the evidence against the defendant is sufficient to outweigh the harm done by allowing admission of the evidence." *Veasley*, 735 So. 2d at 437 (¶17) (quoting *Fuselier v. State*, 702 So. 2d 388, 391 (¶9) (Miss. 1997)).

¶14. In *Klauk*, this Court found "that the trial court erred in admitting evidence without first making the required on the record factual determination that [the victim]'s statements contained substantial indicia of reliability." *Klauk*, 940 So. 2d at 956 (¶6). Next, this Court addressed "whether such error compell[ed] reversal" and determined "whether the weight

of the evidence against Klauk is sufficient to outweigh the harm done by allowing admission of [the] evidence." *Id*. at 957 (¶7). Ultimately, this Court found that the "[trial] court's error in admitting the hearsay statements was harmless." *Id*. at (¶8).

¶15.    Moreover, this Court has previously held that "a sufficient on-the-record finding of reliability does not require 'each factor be listed and discussed separately by the trial judge.'" *Webb v. State*, 113 So. 3d 592, 600 (¶24) (Miss. Ct. App. 2012) (quoting *Bosarge v. State*, 786 So. 2d 426, 437 (¶32) (Miss. Ct. App. 2001)).

¶16.    Here, we do not need to reach the level of applying "harmless-error" analysis. While the trial court did not make its findings and rulings during the pre-trial hearing, the trial court issued an order with its findings prior to trial—unlike the trial court in *Klauk*. Therefore, we find that the trial court's order was an "on-the-record" factual determination under Rule 803(25).

¶17.    Evidence within the record supports the trial court's finding that M.B.'s out-of-court statements bore a substantial indicia of reliability and were supported by corroborative evidence. But, Marion further maintains that M.B.'s disclosures to her mother were not spontaneous, because M.B.'s mother questioned M.B. after picking her up from school to talk to the police. While spontaneity is indeed one of the factors to consider, there are eleven other factors to consider when admitting evidence under Rule 803(25). Therefore, we find no abuse of discretion with the trial court's decision to admit M.B.'s statements through the tender-years exception. Accordingly, the trial court properly admitted the hearsay statements under Mississippi Rule of Evidence 803(25) prior to the start of trial, thus giving Marion

6

ample time to prepare his defense.

## II. The trial court did not abuse its discretion by admitting the video of M.B. sleeping recovered from Marion's phone.

¶18. Marion asserts that the trial court abused its discretion by admitting into evidence a video of M.B. sleeping recorded on Marion's phone. As a result, Marion argues that he is entitled to a new trial.

¶19. The Mississippi Supreme Court has held that "[a reviewing c]ourt reviews the admission of evidence under the abuse-of-discretion standard." *Johnson v. State*, 204 So. 3d 763, 766 (¶7) (Miss. 2016). "Evidentiary rulings are affirmed unless they affect a substantial right of the complaining party." *Id*. (quoting *Sewell v. State*, 721 So. 2d 129, 138 (Miss. 1998)).

¶20. Marion filed a motion in limine to prevent the State from presenting the video. Marion asserted that the video was irrelevant, prejudicial, and should be excluded pursuant to Rules 401, 402, 403, and 404 of the Mississippi Rules of Evidence.[4] "Rule 404 generally prohibits the admission of evidence of a person's character for the purpose of proving that he or she acted in conformity with that character on a particular occasion." *Johnson*, 204 So. 3d at 768 (¶14) (citing M.R.E. 404(a)). Marion, however, has failed to show how the admission of the video adversely affected a substantial right.

¶21. We also note that the record does not reflect that the trial court expressly stated on the record that the video would be more probative than prejudicial under Rule 403; however,

---

[4] Relevant evidence is admissible unless otherwise prohibited by law. M.R.E. 402. To be "relevant," the evidence must be material and probative. *See* M.R.E. 401.

both parties were given an opportunity to argue their position during the hearing on the motion in limine and motion to suppress.

¶22.    In *Hudson v. State*, 977 So. 2d 344 (Miss. Ct. App. 2007), a "trial judge did not state on the record that [the] testimony would be more probative than prejudicial, [but] both parties were given the opportunity to argue their position [during a hearing]." *Id*. at 349 (¶25).  This Court has held that "[t]his implicit [type of] Rule 403 balancing test [is] sufficient." *Id*.; *see also Hoops v. State*, 681 So. 2d 521, 530 (Miss. 1996).

¶23.    Here, the trial court heard testimony from both parties regarding the validity and veracity of the cell phone video recording and found that the video was more probative than prejudicial.  Accordingly, we find no abuse of discretion, and this issue lacks merit.

¶24.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.  LAWRENCE, J., NOT PARTICIPATING.**